Argued and submitted October 30, 1987, reversed April 6, 1988

BRUCE SCOTT ERBS,
*Petitioner,*

*v.*

BOARD OF PAROLE,
*Respondent.*

(CA A43745)

752 P2d 318

Gary D. Babcock, Public Defender, Salem, argued the cause and filed the brief for petitioner.

Scott McAlister, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and David L. Kramer, Assistant Attorney General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Petitioner seeks review of an order revoking his parole. He contends that he had been discharged from the custody of the Department of Corrections and that he was not on parole; consequently, he could not violate conditions of a non-existent parole. He was sentenced to a term of 15 years, to begin on November 23, 1976. He refused to appear at the regularly scheduled parole release date hearings and, the record indicates, refused parole and wanted to serve out his sentence.

The term of a sentence imposed by a court may be reduced according to the formula set out in ORS 421.120 and 421.122. The reduction, known as "good time," is granted when a prisoner's "record of conduct shows that the inmate faithfully has observed the rules of the institution." ORS 421.120(1). The Department of Corrections is given a measure of discretion in allowing "good time" and may, pursuant to its rules, allow, retract and restore "good time." ORS 421.120(1)(h).

At the beginning of an inmate's term of imprisonment, the Department calculates the anticipated "good time" which he would receive without any forfeitures and projects the date of the reduced term of imprisonment. By rule, OAR 291-100-040, the Corrections Division is to certify the amount of "good time" actually credited to the inmate.

The record shows that petitioner's projected release date, after calculating the anticipated "good time," was July 16, 1986. The Board never set a parole release date, because petitioner continually waived such release. On February 18, 1986, a "Board Action Form" noted:

> "Inmate had previously waived Parole release. He now desires to accept parole. An administrative review hearing is to be scheduled to consider a parole release date. A psychological evaluation should be obtained for hearing."

On April 8, 1986, the Board issued an order fixing petitioner's release date as July 16, 1986:

> "Based on a psychological evaluation by Dr. Robert Davis dated 03/06/86, panel finds inmate to be seriously emotionally disturbed and an imminent danger to the welfare and safety of others in the community.

"Panel resets to 07/16/86, inmate's good time date as computed by institution records."

Petitioner was released from the correctional facility on July 16, 1986. The Board Action Form indicates that he was released on parole and that the term of parole was one year. The form contains the following:

"Based on Attorney General Opinion of Legislative action, the Board deferred release to good time date of 7/16/1986 based on psychological evaluation conducted by Dr. Davis on 4/8/1986."

The Board also imposed certain special conditions of parole in addition to the regular conditions. ORS 144.270. Petitioner refused to sign the parole release forms and did not report to his assigned parole officer. He consistently contended that he was not on parole. There is no question but that, if he was on parole, he violated the conditions of parole and it was properly revoked.

Under ORS 421.120, the term of imprisonment is determined by deduction of good time. When the prisoner's term expires, he is discharged from the jurisdiction of the Department of Corrections. ORS 144.245(2) provides that, if the Board has not set a date for parole release, the prisoner shall be released six months before the expiration of the prison term as calculated under ORS 421.120 and 421.122. Petitioner was not released six months early under ORS 144.245(2). The thrust of the statutes respecting parole is that the authority to grant parole expires with the expiration of the term of the sentence.

■    Because parole is release of the inmate before the expiration of the *term* of the sentence, there is no authority to impose parole on the date that the prisoner is entitled to a discharge, because he has served the term of his sentence. It follows that, if petitioner was not lawfully released on parole, he cannot lawfully be returned to prison for violation of the conditions of parole.

The Board's order revoking petitioner's parole, apparently in response to his contention that he was not on parole, states:

"Parole is revoked. Given last session of legislature inmates are on parole if released on good time date."

The order does not elaborate further or indicate to which legislative action it was referring.[1] In this court, the Board's only response to petitioner's argument that he had served his term of imprisonment is:

"According to the Board of Parole's records, Petitioner may have been eligible for a good time release on the same day he was paroled: July 16, 1986. However, there is nothing in the record that shows whether the Corrections Department ever granted the good time credits."

It follows, the Board argues, that his prison term had not expired and that it had the authority to order parole; he had no right to refuse parole. ORS 144.245(3). Given the undisputed violations of the conditions imposed, the Board contends that he was properly returned to prison.

However, the Board did not grant parole on the basis that petitioner's prison term had not expired. The record shows that the Board consistently treated July 16, 1986, as the good time release date, the date on which the term of his sentence expired. Petitioner testified in the parole revocation hearing that he had been told by prison staff that his good time release date was July 16, 1986, and that he would be discharged on that date.

Pursuant to ORS 144.335(3), our review of revocation orders is specified in ORS 183.482(8). We conclude that the Board's determination that petitioner was properly released on parole, and therefore subject to the conditions of the release, is an erroneous interpretation of law. Petitioner was entitled to a discharge on July 16, 1986. The Board's release on parole and the subsequent revocation of parole and return to prison were unlawful. The order revoking parole is set aside. ORS 183.482(8)(a)(A).

Reversed.

---

[1] The Board may have been referring to ORS 144.305(1), which was adopted as Ballot Measure No. 10 at the November 4, 1986, General Election. It became effective on December 4, 1986. It provides:

"Any parole in this state shall extend for the entire term of the prisoner's sentence * * *."

The Board does not argue the application of that statute, and we express no opinion as to its application.