Argued and submitted August 25, reversed October 25, reconsideration denied December 15, 1989, petition for review denied January 11, 1990 (309 Or 231)

# JEFFREY SCOTT VENTRIS,
*Respondent,*

*v.*

# MAASS et al,
*Appellants.*

## (88-C-10881; CA A49613)

781 P2d 1224

Janet A. Metcalf, Assistant Attorney General, Salem, argued the cause for appellants. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Lawrence J. Hall, Deputy Public Defender, Salem, argued the cause for respondent. With him on the brief was Harris S. Matarazzo, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

In this habeas corpus proceeding, defendants appeal from an order discharging plaintiff from custody. We agree that the trial court erred in ordering that plaintiff be released, and we reverse.

Plaintiff was serving two concurrent five-year terms in the penitentiary for robbery in the first degree. As provided in ORS 421.120,[1] a term of sentence may be reduced for "good time" served. Plaintiff's sentence was set to expire on December 24, 1989, with a predetermined "good time" release date of April 25, 1988. He was released on parole on February 24, 1988. On May 17, 1988, he was taken into custody for parole violations; the Board of Parole revoked his parole as of July 1, 1988. Plaintiff was given a new good time release date of June 26, 1989, having forfeited 239 days of pre-parole good time as a result of his parole violation.

Plaintiff filed this petition for a writ of habeas corpus, asserting that his imprisonment was unlawful, because the authority of the Board to supervise him while on parole expired on his original good time release date, April 25, 1988. The trial court agreed and issued the writ on August 10, 1988.

The trial court's ruling is based on the assumption that a predetermined good time release date remains in effect during parole. That is not the case. ORS 421.120(1) provides for a reduction in the term of sentence of "[e]ach inmate

---

[1] ORS 421.120 provides, in part:

"(1) Each inmate *confined* in execution of the judgment of sentence upon any conviction in the Department of Corrections institution, for any term other than life, and whose record of conduct shows that the inmate faithfully has observed the rules of the institution, shall be entitled to a deduction from the term of sentence to be computed as follows:

"* * * * *

"(b) From the term of a sentence of more than one year, one day shall be deducted for every two days of such sentence *actually served* in the Department of . Corrections institution.

"* * * * *

"(2) When a paroled inmate violates any condition of parole, no deduction from the term of sentence, as provided in subsection (1) of this section, shall be made for service by such inmate in the Department of Corrections institution prior to acceptance and release on parole, except when authorized by the State Board of Parole upon recommendation of the superintendent thereof." (Emphasis supplied.)

*confined* \* \* \* in the Department of Corrections institution \* \* \* whose record of conduct shows that the inmate faithfully has observed *the rules of the institution.*" (Emphasis supplied.) In other words, good time must be earned while the inmate is confined. A person on parole is not confined and is not serving a sentence *in an institution.*[2] *Compare State v. Smith,* 95 Or App 76, 767 P2d 480, *rev den* 307 Or 719 (1989). Therefore, when an inmate is released on parole, the accumulation of good time stops and the previously calculated good time release date is suspended.

This case is distinguishable from *Erbs v. Board of Parole,* 90 Or App 253, 752 P2d 318 (1988), where the Board attempted to parole an inmate *on,* rather than before, his good time release date. We held that a confined inmate's term of sentence expires on his good time release date and that on that date he was discharged from the jurisdiction of the Department of Corrections and was not subject to parole. Here, in contrast, plaintiff's term of sentence did not expire on his originally projected good time release date. That date was calculated on the projected time to be served in the penitentiary. When he was released on parole, he stopped receiving credit for good time and never accumulated sufficient credit to reach the projected good time release date. The Board, therefore, did not lose jurisdiction over plaintiff when the projected date arrived. The effect of the parole was to suspend plaintiff's good time release date and to leave him without one, unless and until one was recomputed for him if his parole was unsuccessful and he returned to the penitentiary.

■    The revocation of plaintiff's parole could also and did, in fact, result in a forfeiture of pre-parole good time. ORS 421.120(2) provides:

> "When a paroled inmate violates any condition of parole, no deduction from the term of sentence, as provided in subsection (1) of this section, shall be made for service by such inmate in the Department of Corrections institution prior to acceptance and release on parole, except when authorized by the State Board of Parole upon recommendation of the superintendent thereof."

---

[2] In contrast, ORS 421.122 provides that "[f]or purposes of ORS 421.120, the time that a person is enrolled in good standing in the work release program is considered to be part of the sentence actually served in the Department of Corrections institution."

Pre-parole good time is not, therefore, as plaintiff argues, a "vested right," but may be lost by violating a condition of parole.

Because plaintiff did not accumulate statutory good time while on parole, and because he lost good time as a result of the violations of the conditions of his parole, he was within the jurisdiction of the department on his originally projected good time release date, and the trial court erred in ordering his release.[3]

Reversed.

---

[3] Although plaintiff was released shortly after the trial court's order of August 10, 1988, it is uncertain that his post-parole violation release date will stand, because he ceased to earn the good time on which that release date was premised as soon as he was released. Accordingly, his good time release date is subject to modification and this case is not moot.