Argued and submitted May 26, affirmed June 16, petition for review withdrawn
October 19, 1999 (329 Or 448)

DONALD JAMES TODD,
*Petitioner,*

*v.*

BOARD OF PAROLE
AND POST-PRISON SUPERVISION,
*Respondent.*

(CA A99192)

987 P2d 525

Andy Simrin, Deputy Public Defender, argued the cause for petitioner. With him on the briefs was David E. Groom, Public Defender.

Kelly Knivila, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Brewer, Judge, and Warren, Senior Judge.

LANDAU, P. J.

**LANDAU, P. J.**

Petitioner was convicted of sodomy in the first degree for an offense that occurred in 1988. He was sentenced to a seven-year prison term. The Board of Parole and Post-Prison Supervision (the board) anticipated a good-time release date of March 3, 1997. On March 20, 1997, the board issued an order releasing petitioner from physical custody and onto parole for a term of 36 months as of March 1, 1997, and designating him a predatory sex offender. Petitioner seeks judicial review of the board's order, assigning error to the board's decision to establish a term of parole that extends beyond his good-time release date and to the board's designation of petitioner as a predatory sex offender. While review was pending, the board issued an order on reconsideration, which deleted the predatory sex offender designation.

In his first assignment, petitioner contends that, under the terms of the statutes that applied to him at the time he committed his offense, he was entitled to be released without parole because of good-time credits that had accrued during his confinement. The state contends that, as we recognized in *Ventris v. Maass*, 99 Or App 85, 88, 781 P2d 1224 (1989), *rev den* 309 Or 231, 785 P2d 1057 (1990), "when an inmate is released on parole, the accumulation of good time stops and the previously calculated good time release date is suspended." Petitioner concedes that *Ventris* defeats his argument; he invites us to reconsider that decision and overrule it. We decline petitioner's invitation.

In his second assignment, petitioner acknowledges that the board has eliminated the predatory sex offender designation. He nevertheless insists that he is entitled to a remand, because he "may well have suffered adverse consequences" from the previous designation. The state contends that, because petitioner does not identify what those adverse consequences are, his contention is moot. We agree with the state. *See Brumnett v. PSRB*, 315 Or 402, 407, 848 P2d 1194 (1993) ("the mere possibility" of adverse consequences is not sufficient to create a justiciable controversy).

Affirmed.