Argued and submitted May 26, affirmed July 8, 2004

## JOHN R. KOWALSKI,
*Petitioner,*

*v.*

## BOARD OF PAROLE AND
## POST-PRISON SUPERVISION,
*Respondent.*

### A119026

93 P3d 831

Daniel M. Carroll, Deputy Public Defender, argued the cause for petitioner. With him on the brief were Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Office of Public Defense Services.

Denise G. Fjordbeck, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

BREWER, J.

**BREWER, J.**

Petitioner seeks judicial review of an order of the Board of Parole and Post-Prison Supervision, which provides that, upon his release from prison, petitioner will be subject to both parole and post-prison supervision. Petitioner asserts that, because his most serious offense is subject to the Oregon sentencing guidelines, the board is authorized to release him only to post-prison supervision. We affirm.

Petitioner, was convicted of 31 offenses for his involvement in a home repair scheme in which he and his partners defrauded elderly homeowners out of substantial amounts of money. Petitioner committed some of the crimes before November 1, 1989, the effective date of the Oregon sentencing guidelines, and he committed others after that date. In 1992, the trial court sentenced petitioner, in a single sentencing proceeding, on convictions for one count of racketeering, 28 counts of first-degree theft, and two counts of attempted first-degree theft. The court imposed some of the sentences as consecutive to and some as concurrent with other counts.

Petitioner committed the racketeering offense after the effective date of the sentencing guidelines. The court sentenced petitioner to a 90-month prison term for that offense under the guidelines, with 36 months' post-prison supervision. Also, as pertinent here, petitioner committed one of the theft offenses, count 25, before the guidelines became effective, and the court sentenced petitioner to a five-year indeterminate sentence on that count, to be served consecutively to previously sentenced offenses, including the racketeering conviction. Petitioner committed another theft, charged in count 35, after November 1, 1989. The court sentenced petitioner to a six-month term of incarceration on that conviction, to be served consecutively to the incarcerative terms that it had imposed on previously sentenced counts, including count 25. Except for the 36-month post-prison supervision term imposed on the racketeering conviction, the court ordered a 12-month post-prison supervision term on petitioner's guidelines convictions.

In February 1993, the board set a 14-month prison term for petitioner's indeterminate sentences. After serving several guidelines sentences, petitioner began to serve the prison term on count 25, his sole remaining indeterminate sentence, on July 19, 2001. On March 8, 2002, the board issued a Board of Parole and Post-Prison Supervision Board Action Form (BAF 2) order establishing September 18, 2002, as petitioner's parole release date on count 25. In addition, BAF 2 set July 19, 2006, as the parole expiration date on count 25. As pertinent here, BAF 2 also provided:

> "THE BOARD WILL ESTABLISH THE CONDITIONS OF PAROLE/POST-PRISON SUPERVISION AND THE MINIMUM ACTIVE PERIOD OF SUPERVISION UPON RECEIPT OF THE RELEASE PLAN."

Petitioner began serving his sentence on count 35—his final guidelines sentence—on September 18, 2002. Petitioner served the incarceration term under that sentence, and he was physically released from prison on February 12, 2003.

Petitioner requested administrative review of BAF 2, objecting to the imposition of parole on count 25, rather than release to post-prison supervision under count 35, the final guidelines sentence. The board denied the request for review. Petitioner then filed a motion before this court for leave to seek judicial review of BAF 2. ORS 144.335(6). We granted the motion. We review the decision at issue for errors of law. ORS 183.482(8)(a).

Petitioner asserts on review that the board's order violates *former* OAR 253-12-020(3) (1989),[1] which provided, in part:

> "The supervision term of the consecutive sentences shall be:
>
> "(a) The presumptive post-prison supervision term imposed for the primary offense if the sentence for any offense includes a prison term[.]"

Petitioner also relies on the commentary to that rule:

> "Whenever an offender has been convicted of multiple offenses some of which were committed prior to November

---

[1] *Former* OAR 253-12-020(3), *renumbered as* OAR 213-012-0020(4) (1997).

1, 1989 and others were committed on or after that date, two types of sentences must be imposed. For the crimes committed prior to November 1, 1989, the sentencing judge will impose an indeterminate sentence. For all other offenses, the sentencing judge will impose a guidelines sentence.

"If the sentences are imposed concurrently, the term of incarceration will be the guidelines sentence or the parole set for the pre-guidelines conviction, whichever is longer. If the parole set is longer, the offender should be paroled. If the guidelines sentence is longer, the offender should be released to post-prison supervision.

"If the sentences are imposed consecutively, the incarceration terms should be served in the order in which the corresponding crimes of conviction were committed. *Consequently, the offender will always serve the guidelines sentence last and therefore, he or she will always be released to post-prison supervision.*"

*Sentencing Guidelines Implementation Manual,* Oregon Criminal Justice Council Commentary, 115-16 (1989) (emphasis added).

According to petitioner, his primary offense is the racketeering conviction, which had a 9-F gridblock classification under the sentencing guidelines. *See* OAR 213-003-0001(17) (defining "primary offense" as "the offense of conviction with the highest crime seriousness ranking"). Petitioner notes that this court has held, based, in part, on *former* OAR 253-12-020, that an offender sentenced to multiple consecutive guidelines sentences is required to serve only a single term of post-prison supervision, which must be established by reference to the primary offense. *State v. Enos,* 114 Or App 208, 209, 836 P2d 1347, *rev den,* 314 Or 728 (1992). From those premises, petitioner reasons that, because his guidelines sentence for the racketeering conviction is longer than the 14-month prison term set for his five-year indeterminate sentence on count 25, he must be released solely to post-prison supervision. Petitioner further asserts that, because his sentences for theft under counts 25 and 35 were imposed consecutively, rather than concurrently, the fact that the

nonguidelines sentence is the longer of the two is of no consequence to the determination whether he must be released to parole or post-prison supervision.

The board responds that, when petitioner's 14-month prison term was completed on his sentence under count 25, 46 months remained on his total indeterminate sentence for that conviction. According to the board, because petitioner had not completed that sentence when he was released from his ensuing term of imprisonment on count 35, he was released on both parole and post-prison supervision.[2] We agree.

The legislature adopted the indeterminate sentencing scheme informally known as the matrix in 1977, and that scheme remained in effect until the guidelines system went into effect on November 1, 1989. Under the matrix system, the sentencing court sentenced an offender to an indeterminate term within the maximum sentence allowable under ORS 161.605 for the offense of conviction. The prison term was established by the board under rules adopted for that purpose. ORS 144.120. The board set an initial parole release date within a matrix range recognized for the offense of conviction. ORS 144.120(2); ORS 144.780. Although the offender's prison term ended with his release on parole, the offender had not yet fully served his sentence. *Haskins v. Palmateer*, 186 Or App 159, 165, 63 P3d 31, *rev den*, 335 Or 510 (2003). The board's authority over the offender extended until the end of the indeterminate sentence imposed by the court. *Former* ORS 144.310 (1987), *repealed by* Or Laws 1993, ch 680, § 7. Alternatively, the board may, but need not, discharge an offender before the end of the judicially imposed sentence. *Former* ORS 144.310; *Haskins,* 186 Or App at 165-66. In sum, under the law applicable at the time petitioner committed the offense for which he was convicted in count 25, he will remain subject to the jurisdiction of the board until he

---

[2] The board explains that, although petitioner's parole and post-prison supervision terms are similar in length, it is necessary to regard petitioner as serving both

"the board has considerably more flexibility in imposing sanctions for parole violations. In particular, in the event of a parole revocation, the board may order that the offender return to prison and serve the balance of his indeterminate term. ORS 144.343(2)(b)[.]"

has served his entire five-year indeterminate sentence, unless the board discharges him earlier from that obligation.

■ The sentencing guideline rules adopted by the Oregon Criminal Justice Commission for offenses committed on or after November 1, 1989, are inapplicable to petitioner's matrix sentence. ORS 137.010(1) provides:

> "The statutes that define offenses impose a duty upon the court having jurisdiction to pass sentence in accordance with this section or, for felonies committed on or after November 1, 1989, in accordance with rules of the Oregon Criminal Justice Commission unless otherwise specifically provided by law."

In addition, ORS 137.669 provides:

> "*The guidelines adopted under ORS 137.667, together with any amendments, supplements or repealing provisions, shall control the sentences for all crimes committed after the effective date of such guidelines.* Except as provided in ORS 137.637 and 137.671, the incarcerative guidelines and any other guidelines so designated by the Oregon Criminal Justice Commission shall be mandatory and constitute presumptive sentences."

(Emphasis added.) The commission cannot exercise authority that is not granted to it by the legislature. *Cf. Gaynor v. Board of Parole*, 165 Or App 609, 612, 996 P2d 1020 (2000). Thus, *former* OAR 253-012-020(3), which applied to consecutively imposed *guidelines* offenses, does not apply to an indeterminate sentence imposed for a crime committed before the effective date of the sentencing guidelines, even if a guidelines sentence is imposed consecutively to such a sentence.

■ It follows that the commentary to *former* OAR 253-012-020(3) also does not foreclose petitioner's release on parole under the circumstances here. As discussed, the rule itself applies only to the determination of the appropriate post-prison supervision term for consecutively imposed guidelines offenses. The commentary cannot expand the commission's rulemaking authority beyond that conferred by the legislature.[3] Moreover, petitioner reads too much into the

---

[3] The commentary to the sentencing guidelines is not, in any event, dispositive as to the meaning of a particular rule. *State v. Moeller*, 105 Or App 434, 440 n 4, 806 P2d 130, *rev dismissed*, 312 Or 76 (1991).

commentary. It merely states that, because consecutive sentences "should be served in the order in which the corresponding crimes of conviction were committed," the incarcerative term of a guidelines sentence will be served last. To suggest that an offender will be released on post-prison supervision in such circumstances does not foreclose simultaneous release on parole if the offender's indeterminate sentence for a matrix conviction, the incarcerative term of which previously was served, has not yet expired. Viewed accordingly, neither *former* OAR 253-12-020 nor its commentary supports petitioner's position, nor do they exceed the commission's statutory authority to adopt rules governing sentences only for offenses committed after November 1, 1989.

Affirmed.