Argued and submitted October 30, 2007, affirmed January 30, petition for review denied May 7, 2008 (344 Or 539)

JOHN B. STRAWN,
*Petitioner,*

*v.*

BOARD OF PAROLE
AND POST-PRISON SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A130408

176 P3d 426

Marc D. Brown, Deputy Public Defender, argued the cause for petitioner. With him on the briefs was Peter Gartlan, Chief Defender, Legal Services Division, Office of Public Defense Services.

Erin C. Lagesen, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

LANDAU, P. J.

**LANDAU, P. J.**

Petitioner seeks judicial review of an order of the Board of Parole and Post-Prison Supervision (board) in which, following the revocation of petitioner's parole, the board denied his re-release on parole and reset his parole release date. Petitioner asserts that the board erred in doing so because, according to petitioner, by that date, the relevant indeterminate sentence will have expired. We affirm.

We take the following relevant facts from the record on judicial review. In 1983 and 1984, petitioner was convicted in separate Linn County cases of two counts of unauthorized use of a vehicle and one count of theft in the first degree. He was eventually sentenced to five years' imprisonment on each conviction, the three sentences to be served consecutively to each other. In November 1985, he was released on parole.

In January 1986, after petitioner committed new crimes, his parole was revoked and he was returned to Department of Corrections (DOC) custody. On April 3, 1986, petitioner was convicted in two separate proceedings in Linn County of robbery in the first degree, ORS 164.415, and burglary in the first degree, ORS 164.225. On the robbery conviction, the trial court sentenced petitioner to an indeterminate maximum sentence of imprisonment of 20 years with a 10-year minimum. On the burglary conviction, it sentenced him to 10 years with a five-year minimum, to be served concurrently with the 20-year sentence for robbery. ORS 144.110; ORS 161.605. The court also ordered that both of those sentences be served consecutively to the three five-year sentences imposed in the earlier Linn County cases and to a sentence imposed in a Washington County case.[1]

---

[1] The three earlier Linn County judgments, the Washington County judgment, and the Linn County judgment in the burglary case are not in the record on judicial review. The parties do not dispute that petitioner's three five-year Linn County sentences were ordered to be served consecutively to each other. Although the Linn County judgment imposing the 20-year sentence at issue in this case stated that petitioner's Washington County sentence was for a five-year term of imprisonment, documents in the record, including board orders and a DOC "face sheet" listing petitioner's convictions and sentences, refer to that sentence as a three-year sentence. Because petitioner's Washington County sentence was concurrent with his three five-year Linn County sentences and has long since expired, that

On August 5, 1986, the board held a hearing and issued an order in which it "sustained a 120 month minimum" and established a parole release date of January 14, 1996. The board's order listed petitioner's then-existing six sentences in the following order: the three five-year Linn County sentences; the three-year Washington County sentence; the 10-year Linn County sentence for burglary in the first degree; and the 20-year robbery sentence at issue here. By notations in a column headed "CS TO," the order indicated that petitioner's second five-year sentence was consecutive to the first and that the third sentence was consecutive to the second. It also stated, apparently erroneously, that petitioner's 10-year sentence for burglary and his 20-year sentence for robbery were consecutive to his fourth-listed sentence—the three-year Washington County sentence, which itself was not listed as consecutive to any other sentence. Also, in a column headed "SENTENCE BEGINS," the order listed the date "05/10/84" for petitioner's three five-year Linn County sentences; the date "02/25/86" for petitioner's three-year Washington County sentence; and the date "04/01/86" for petitioner's burglary and robbery sentences. Finally, the order listed petitioner's "GOODTIME" date— that is, the date resulting from the application of statutory sentence reductions to his combined indeterminate sentences, *see* ORS 421.120—as August 25, 2007, and his "EXP[iration] DATE"—the date on which his last sentence would be completed—as November 12, 2018.

Next, on a form dated July 12, 1990, petitioner's burglary and robbery sentences were again listed as being consecutive to his three-year Washington County sentence rather than to his five-year Linn County sentences. However, the column formerly headed "SENTENCE BEGINS" was now headed "SENT[ence] DATE," albeit with the same dates as those described above. In addition, the form noted that petitioner's "OFFENDER G[ood]T[ime] D[a]T[e]" was now November 25, 2007, and that his "EXP[iration] D[a]T[e]"— that is, his ultimate combined-sentence expiration date— was now November 12, 2017.

---

discrepancy is of no significance to the proper calculation of the 20-year sentence at issue in this case. Defendant's concurrent 10-year sentence in the Linn County burglary case also does not affect our analysis.

In a form dated February 28, 1991, the board again listed petitioner's burglary and robbery sentences as consecutive to his Washington County sentence rather than his five-year Linn County sentences. In contrast to the previous order, however, the board overrode petitioner's 120-month minimum and, having "considered [petitioner's] behavior over the first 5 years under review," granted a 12-month reduction in petitioner's prison term; the result was a parole release date of January 14, 1995. The form continued to denominate April 1, 1986, as the "sentence date" for the Linn County burglary and robbery convictions and continued to list petitioner's combined "good time" and sentence expiration dates as November 25, 2007, and November 12, 2017, respectively.

On August 15, 1994, the board withdrew petitioner's 12-month prison term reduction, granted a 15-month reduction in its place, set a parole release date of October 14, 1994, and modified his "offender" expiration date to March 26, 2016. Other aspects of the form remained the same, including the November 25, 2007, good time date and the apparently erroneous notation that the robbery sentence was consecutive to the Washington County sentence rather than the three consecutive five-year Linn County sentences.

Petitioner was released on parole in October 1994. He violated parole and was sanctioned several times. Board orders during that period continued to reflect that the sentencing date for his robbery conviction was April 1, 1986, and that that sentence was consecutive to his Washington County sentence.

Beginning in January 1998, board orders further reflected that petitioner's Washington County sentence had expired on January 15, 1988. In May 2000, a board order indicated that petitioner was receiving a sanction of 204 days' confinement for a parole violation and that his new parole release date was May 17, 2000. It also explained, however, that petitioner had been convicted of new crimes that had resulted in the imposition of concurrent sentencing guidelines sentences, the release date of which would be later than petitioner's parole release date; the board noted that DOC would compute the release date on the sentencing guidelines

sentences. The May 2000 order continued to list petitioner's sentence on his first-degree robbery conviction as consecutive to his now-expired three-year Washington County sentence and continued to list "04/01/1986" as the "SENT[ence] DATE" for the 20-year robbery sentence. Nevertheless, it also listed September 28, 2009, as his good time date and September 3, 2014, as his "MATRIX Exp[iration] D[a]t[e]."

After completion of his new sentencing guidelines incarceration terms in May 2003, petitioner again was paroled on his remaining indeterminate sentence. As pertinent here, in February 2005, the board revoked petitioner's parole and ordered a future disposition hearing. On May 25, 2005, following that hearing, the board issued an order denying re-release and setting petitioner's parole release date as September 26, 2010. The order listed petitioner's good time date as January 9, 2011, and his "Matrix"—that is, his indeterminate sentence—expiration date as December 21, 2013. That order is the subject of this judicial review proceeding.

In his first assignment of error, petitioner asserts that the board erred in denying him re-release on parole and resetting his parole release date to September 26, 2010. In his second assignment of error, he asserts that those actions by the board violated his right to due process as guaranteed by the Fourteenth Amendment to the United States Constitution. In his combined argument, petitioner contends that, as demonstrated in a succession of board actions forms—which listed the sentence date (or, in one instance, the sentence "begin" date) of his 20-year robbery sentence as April 1986 and computed the parole release date following a 120-month prison term as occurring sometime in 1996—the board deemed him to have begun serving his 20-year robbery sentence on April 1, 1986; that, by so doing, the board effectively, albeit implicitly, "unsummed" that sentence, that is, gave it concurrent rather than consecutive effect, as purportedly authorized by ORS 144.785 (1985) and OAR 255-35-022(1)-(3); that no statute or rule authorized the board to later "re-sum" his robbery sentence, that is, to give it consecutive effect; and that, consequently, petitioner's 20-year sentence expired in 2006.

The board responds that it consistently has stated petitioner's expiration date of all of his sentences combined as occurring well after 2006—currently, December 21, 2013—and that, to the extent that petitioner is challenging the accuracy of that date, his remedy lies with DOC, which calculated it. The board also argues that, where there is evidence in the record of DOC's calculation of that date—in the form of a DOC "face sheet"—substantial evidence supports the board's finding that that is petitioner's sentence expiration date. The board also disputes that it ever "unsummed" petitioner's consecutive indeterminate sentences. Rather, it argues that it has authority only to unsum board-established "prison terms" and that, moreover, it must do so according to the applicable statutory procedures, which it manifestly did not do here. The board further argues that, in any event, after petitioner's most recent revocation from parole, the effect of any previous parole release dates is nullified and the board may set a new release date based on the good time and expiration dates of the sentences imposed.

Again, the issue before us on judicial review is whether the board's May 25, 2005, order is supported by substantial evidence in the record and is correct as a matter of law. ORS 144.335; ORS 183.482. The record includes earlier orders of the board, as described above.

■ We conclude, first, that substantial evidence supports the board's implicit determination in its May 25, 2005, order that petitioner's 20-year robbery sentence did not begin running in 1986 and, consequently, did not expire in 2006. Even though some of the board's earlier orders were unclear or ambiguous as to which of his multiple prison terms petitioner was serving during any particular time period, those orders consistently and unambiguously stated petitioner's overall matrix expiration date as occurring no sooner than 2013. *Cf. Gordon v. Board of Parole*, 343 Or 618, 175 P3d 461 (2007) (where the board's decision to apply a particular version of certain board rules to the petitioner was inconsistent with its previous practice of applying a different version of those rules and the board did not adequately explain that inconsistency, the court remanded the relevant order for further explanation by the board). In turn, the expiration dates stated in the board's earlier orders are consistent with the

dates listed in DOC's April 21, 2005, face sheet.[2] The board's May 25, 2005, order is consistent with those aspects of those documents. Equally significantly, the order is consistent with, and therefore supported by, the trial court's judgment ordering petitioner's 20-year robbery sentence to be served consecutively to his three consecutive five-year sentences. In sum, the described evidence in the record provides substantial evidence to support the board's May 5, 2005, order setting petitioner's parole release date for September 26, 2010. *See Garcia v. Boise Cascade*, 309 Or 292, 295, 787 P2d 884 (1990) (if a finding is reasonable in light of countervailing as well as supporting evidence, the finding is supported by substantial evidence).

■    Nor can we say that the board's May 25, 2005, order is erroneous as a matter of law. Rather, notwithstanding any actions by the board prior to May 25, 2005, relating to the establishment of petitioner's prison terms and parole release dates on his indeterminate sentences, and notwithstanding the possible ambiguities or inconsistencies in the board's past orders memorializing those actions—none of which actions and orders are the subject of this judicial review proceeding— the salient fact remains that the trial court ordered petitioner to serve his 20-year robbery sentence consecutively to his three consecutive five-year sentences. The board's May 25, 2005, order is consistent with that requirement. *See, e.g., Haskins v. Palmateer*, 186 Or App 159, 165, 63 P3d 31, *rev den*, 335 Or 510 (2003) ("Completion of a prison term does not mean that the *sentence* of the court has been completed, and the outside boundary of the board's authority is based on the length of the sentence." (Emphasis in original.)); *Tucker v. Lampert*, 174 Or App 373, 26 P3d 830 (2001), *rev'd in part on other grounds*, 333 Or 398, 42 P3d 1242 (2002) (where an offender completes the prison term portion of an indeterminate sentence and is in effect released on parole from that sentence to begin serving the prison term of a consecutive indeterminate sentence, the preceding sentence is not discharged on that date and the expiration date of the consecutive sentence is not calculated based on that date).

---

[2] DOC's April 21, 2005, face sheet correctly states that petitioner's 20-year robbery sentence is consecutive to his three consecutive five-year sentences.

■     We turn, finally, to whether the board's May 25, 2005, order violated petitioner's rights under the Due Process Clause of the Fourteenth Amendment. Petitioner argues that, consistently with *Greenholtz v. Nebraska Penal Inmates,* 442 US 1, 11-12, 99 S Ct 2100, 60 L Ed 2d 668 (1979), the "mandatory" language in ORS 144.310 (1985)—requiring the board to "discharge" a paroled offender no later than the time "when the period of the sentence imposed by the court expires"—combined with the purported "sentence begin date" stated in the board's August 5, 1986, order, required the board to discharge him no later than 20 years after that date, that is, sometime on or before April 2006.

Petitioner is mistaken. Even assuming that ORS 144.310 invested petitioner with a protected liberty interest in being discharged at the time "when the period of *the sentence imposed by the court* expires" (emphasis added), here, as discussed above, as a matter of law, his 20-year robbery sentence has not expired. Rather, as imposed by the trial court, that *sentence* did not begin to run until the last of petitioner's preceding five-year sentences expired—on this record, December 1, 1993. Indeed, even the board's August 5, 1986, order stated petitioner's expiration date—presumably, the date at which his longest- and latest-running sentence expires—as November 12, 2018, and its succeeding orders stated that date as, at the earliest, November 21, 2013.[3] Accordingly, ORS 144.310(1) (1985) and the board's orders that predated May 25, 2005, did not confer on petitioner a protected liberty interest in discharge on an earlier date. The board's May 25, 2005, order did not violate petitioner's rights under the Due Process Clause.

Affirmed.

---

[3] As noted, the May 25, 2005, order on judicial review states that date as December 21, 2013.