Submitted September 28, 2010, affirmed July 20, petition for review denied December 29, 2011 (351 Or 507)

ELRIC VINCENT SHELBY,
*Petitioner,*

*v.*

BOARD OF PAROLE AND POST-PRISON SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A140004

260 P3d 682

Peter Gartlan, Chief Defender, and Daniel C. Bennett, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Matthew J. Lysne, Assistant Attorney General, filed the brief for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Rosenblum, Senior Judge.

WOLLHEIM, J.

## WOLLHEIM, J.

Petitioner seeks judicial review of an order of the Board of Parole and Post-Prison Supervision that imposed a term of parole following his release from prison. He argues that the board did not have authority to impose parole because the indeterminate sentences on which he was paroled expired while he was serving different, consecutive sentences. The board moves to dismiss the appeal on the ground that this case is moot because petitioner has been discharged from supervision. Alternatively, the board argues that petitioner was released on parole prior to his good time date on his indeterminate sentences so that he could serve his consecutive sentences. We deny the motion to dismiss, but agree with the board that petitioner was released on his indeterminate sentences prior to reaching his good time date. We therefore affirm.

Petitioner was convicted of crimes in 1985. For each conviction, the trial court ordered petitioner to serve concurrent sentences; two of those sentences—the longest imposed—had a maximum 20-year term of incarceration. Additionally, the trial court ordered the sentences for the 1985 convictions to run consecutively with any sentence previously imposed. Because petitioner had been convicted of crimes in 1984 as well, he did not begin serving the sentences for the 1985 convictions until he completed the previously imposed sentences for the 1984 convictions. Ultimately, petitioner began serving the sentences for his 1985 convictions in 1990. That meant that his 20-year sentences for the 1985 convictions could expire in 2010.

In 1991 and 1998, while serving the sentences for his 1985 convictions, petitioner was convicted of two additional crimes. For both the 1991 conviction and the 1998 conviction, petitioner was sentenced to prison, followed by post-prison supervision (PPS). The additional prison sentences were to be served consecutively to any previously imposed sentence. Thus, the prison sentence imposed for petitioner's 1991 conviction was to run consecutively to the prison sentences for petitioner's 1985 convictions. Also, the prison sentence for petitioner's 1998 conviction was to run consecutively to the sentence for the 1991 conviction.

As stated, petitioner was sentenced to indeterminate prison sentences for his 1985 convictions. Generally, an indeterminate term of incarceration provides for a maximum term of incarceration that can be reduced by credits earned for "good time" served under ORS 421.120. In 2005, the board notified petitioner that his good time date for the sentences for his 1985 convictions was August 28, 2005, and that it was releasing petitioner on parole before he reached that good time date.

In June 2005, the board released petitioner on parole on his sentences for the 1985 convictions. Petitioner remained in prison, however, and began serving the prison sentence for his 1991 conviction. Once petitioner completed the prison sentence for his 1991 conviction, he remained in prison to serve the prison sentence for his 1998 conviction.

Ultimately, the board released petitioner from prison in 2007, subject to PPS and parole conditions. The board's release order imposed PPS conditions pursuant to petitioner's 1991 and 1998 convictions and indicated that the PPS conditions would expire in 2009. The board also imposed parole conditions pursuant to petitioner's 1985 conviction. The release order indicated that the parole conditions were to expire in August 2010, the date that petitioner's indeterminate sentences for his 1985 convictions expired.

Petitioner sought administrative review of the board's release order. Petitioner contended that under *Erbs v. Board of Parole*, 90 Or App 253, 752 P2d 318 (1988), he was entitled to an unconditional release when he reached his final projected good time date of August 28, 2005. The board denied petitioner's claim, explaining that, although it had paroled petitioner in June 2005, it had not discharged him from parole under the rules applicable to him.

On review, petitioner renews the argument that the board lacked authority to impose parole in light of *Erbs*. Specifically, he argues that he was not released "prior to his good time date, because upon his 'release' he began serving a consecutive sentence." The board responds that the petition for judicial review is moot because petitioner's 1985 sentences have already expired; accordingly, it moves to dismiss this appeal. Alternatively, the board argues that "[t]he fact that

another criminal judgment and sentence required [petitioner] to remain at the correctional facility does not vitiate the board's prior parole on other sentences." We conclude that the petition for judicial review is not moot. As to the merits, we review the board's imposition of parole for errors of law. ORS 144.335(3); ORS 183.482(8)(a). *See also Kowalski v. Board of Parole*, 194 Or App 156, 159, 93 P3d 831 (2004), *rev den*, 338 Or 16 (2005). We conclude that petitioner was released prior to his good time date so that he could serve his consecutive sentences. Accordingly, we affirm because the board had authority to impose parole and conditions of parole.

We begin with the board's motion to dismiss on the ground that the petition for judicial review is moot. A case is not moot when the interests of the parties are adverse and the court's decision will have some practical effect on the rights of the parties. *Brumnett v. PSRB*, 315 Or 402, 405-06, 848 P2d 1194 (1993). Here, as a consequence of his parole, the state charged petitioner monthly supervision fees and petitioner still owes supervision fees to the state. Thus, we conclude that this case is not moot because petitioner's "potential economic liability demonstrates that the parties continue to be adverse and that a decision on the merits will have some practical effect on the rights of the parties." *State v. Blanchard*, 236 Or App 472, 475, 236 P3d 845 (2010).

Turning to the merits, petitioner argues that the board lacked authority to impose parole on the 1985 indeterminate sentences because he remained incarcerated when he reached his good time date on the 1985 indeterminate sentences. The board counters that it had "released" petitioner on the 1985 indeterminate sentences prior to his good time date and, accordingly, that the 1985 indeterminate sentences had not expired.

An indeterminate sentence imposed by a court may be reduced for good time served under ORS 421.120. Throughout an inmate's prison term, the board updates the inmate's good time date to reflect credits or deductions the inmate accumulates. *See Erbs*, 90 Or App at 255 (describing good time). The board has a practice of releasing inmates before they reach their good time dates. That practice allows

the board to retain jurisdiction over the inmate beyond the good time date. For example, in *Erbs*, we held that the inmate's sentence expired because the inmate was incarcerated upon reaching his good time date. 90 Or App at 257. However, in *Ventris v. Maass*, 99 Or App 85, 89, 781 P2d 1224 (1989), *rev den*, 309 Or 231 (1990), we held that the board retained jurisdiction over the offender when it released him on parole prior to his good time date.

Under the principle described in *Erbs* and *Ventris*, petitioner's indeterminate sentences expired if he remained incarcerated on those convictions upon reaching his good time date, as in *Erbs*. But if petitioner was paroled on his indeterminate sentences before reaching his good time date, he no longer earned good time, and his indeterminate sentence did not expire on the good time date, as in *Ventris*. We must determine whether petitioner was paroled on the 1985 indeterminate sentences even though he remained in prison to serve the consecutive 1991 assault sentence.

Petitioner points to a statement in *Ventris* that "[a] person on parole is not confined and is not serving a sentence *in an institution*," 99 Or App at 88 (emphasis in original), in support of his argument that he continued to accrue good time on his indeterminate sentence while he was incarcerated on his consecutive sentences. However, the issue in *Ventris* was whether the offender continued to earn good time after he was released on parole. In *Ventris*, we did not consider what effect an inmate's incarceration to serve a consecutive sentence on a different judgment of conviction might have on the inmate's parole status on a preceding sentence, because the offender in *Ventris* was not serving a consecutive sentence. *Ventris* is distinguishable.

Indeed, it is the very nature of a consecutive sentence that an inmate must complete the incarceration term on the prior sentence before the inmate is able to serve the consecutive sentence. Here, petitioner was subject to two consecutive sentences that were ordered to be served after his indeterminate sentences. He could not begin serving either of the consecutive sentences until he was released on parole on his indeterminate sentences or released because he served to his good time release date. *See Roy v. Palmateer*, 194 Or App

330, 341-42, 95 P3d 1124, *rev'd on other grounds*, 339 Or 533, 124 P3d 603 (2005) (based on the "basic principle" that "consecutive sentences do not run at the same time," reasoning that an offender could not begin serving a consecutive sentence unless the offender was paroled on the first sentence). The board correctly reasoned that petitioner's 1985 indeterminate sentences had not expired simply because petitioner was paroled on those sentences. Rather, petitioner was not incarcerated on his 1985 convictions after he was released on parole on the 1985 convictions and began serving the prison term of the consecutive sentence for his 1991 conviction. *See Strawn v. Board of Parole*, 217 Or App 542, 549, 176 P3d 426, *rev den*, 344 Or 539 (2008) (reasoning that an indeterminate sentence is not discharged when an offender is released on parole from that sentence to serve a consecutive sentence).

We conclude that petitioner did not continue to earn good time when he was released on parole in June 2005 on his indeterminate sentences for his 1985 convictions and began serving his consecutive sentences for his 1991 conviction. Petitioner had not completed his 1985 sentence; he was on parole. Accordingly, the board had authority to order that petitioner's parole on his 1985 indeterminate sentences would continue until his sentence expiration date of August 6, 2010.

Affirmed.