On respondent Dana M. Jensen's motion - vacate the appellate decision and dismiss the appeal filed October 30; appellant's response - respondent's motion to vacate appellate decision and dismiss the appeal filed November 7; respondent's reply - motion to vacate decision and dismiss the appeal filed November 21; appellant's motion - reconsider order filed October 4; respondent's response - petition for reconsideration filed October 30; and appellant's reply - petition for reconsideration filed November 7, motion to vacate appellate judgment and dismiss appeal denied; reconsideration allowed; former opinion clarified and adhered to as clarified December 26, 2007

In the Matter of

Dana M. JENSEN,
*Petitioner-Respondent,*

*v.*

Tori Michelle BEVARD,
*Respondent-Appellant,*

*and*

Ricky Wayne JONES,
*Respondent-Respondent.*

Washington County Circuit Court
C043952DRA

In the Matter of

Tori Michelle BEVARD,
*Petitioner-Appellant,*

*v.*

Ricky Wayne JONES,
*Respondent-Respondent.*

Washington County Circuit Court
C042721DRB; A129611

175 P3d 518

Mark Johnson and Johnson Renshaw & Lechman-Su PC for motion.

Margaret H. Leek Leiberan and Jensen & Leiberan *contra*.

Margaret H. Leek Leiberan and Jensen & Leiberan for petition.

Mark Johnson and Johnson Renshaw & Lechman-Su PC for response.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

SCHUMAN, J.

**SCHUMAN, J.**

In *Jensen v. Bevard*, 215 Or App 215, 168 P3d 1209 (2007), mother appealed a trial court judgment awarding sole custody of mother's son, D, to D's grandmother and awarding mother limited parenting time. On September 26, 2007, we issued our decision holding that, at the time grandmother filed a petition for custody of D under ORS 109.119, she did not have the child-parent relationship that is a prerequisite to receiving custody under that statute. Accordingly, we reversed and remanded the trial court's judgment.

Since our decision issued, mother has filed a petition for reconsideration and grandmother has filed a motion to vacate the appellate judgment and dismiss the appeal. In grandmother's motion, she argues that the appeal became moot before our decision issued because the trial court issued a supplemental judgment on August 14, 2007—one month before our decision. The supplemental judgment continued the custody arrangement that had been in place, with grandmother having sole legal and physical custody of D, but it reduced mother's parenting time and imposed additional restrictions on that parenting time.

■■ We address grandmother's motion first because, if granted, it would be dispositive. A case is moot if it is otherwise justiciable, but a court's decision will no longer have a practical effect on the rights of the parties. *Brumnett v. PSRB*, 315 Or 402, 406, 848 P2d 1194 (1993). Grandmother argues that, because the supplemental judgment supersedes the general judgment, our decision addresses a merely abstract question and is moot. We disagree.

The trial court issued the supplemental judgment in response to grandmother's motion to modify the parenting plan. Although we do not have a full record of those proceedings, it appears that the only issues that the court addressed were whether mother's parenting time should be reduced and whether her parenting time should be subject to further restrictions. However, the trial court's supplemental judgment was based on its earlier decision determining that grandmother had a child-parent relationship with D and

awarding her custody. Therefore, the supplemental judgment did not supersede the general judgment; it merely supplemented it. The practical effect of our reversal of the general judgment is a reversal of the supplemental judgment as well. Accordingly, our decision in this case is not moot. Grandmother's motion to vacate the appellate judgment and dismiss the appeal is denied.

Although mother prevailed on appeal, she has filed a petition for reconsideration requesting that we clarify our previous opinion to provide further instruction to the trial court and the parties. Specifically, she requests that our opinion state that remand is for (1) entry of a judgment granting mother physical and legal custody of D; (2) development of a plan giving grandmother reasonable parenting time; and (3) a hearing as to mother's entitlement to attorney fees for the circuit court proceedings. Additionally, mother requests us to state that grandmother cannot file a new petition for custody under ORS 109.119 using the time that grandmother had custody of D as a result of the reversed trial court judgment to establish a child-parent relationship.

In similar cases, we have provided instruction to trial courts to guide the transition of custody,[1] and we allow reconsideration to do so here. Mother is entitled to custody after a period of transition that is designed to ensure that D's needs are best met. Accordingly, we remand to the trial court to

---

[1] In *Dennis and Dennis*, 199 Or App 90, 104, 110 P3d 607 (2005), we reversed an award of custody to a grandmother, awarding custody to the father instead. To allow the children to transition back into the father's home, we stated, "[W]e conclude that father is entitled to custody of his children after a period of transition that is designed to ensure that the children's needs are best met."

Similarly, in *Strome and Strome*, 201 Or App 625, 639, 120 P3d 499, *rev den*, 339 Or 701 (2005), in which we also reversed a custody award to a grandmother, we stated,

"While we recognize that appellate courts necessarily must review a record at a given point in time, we also understand that five years have passed since this case was decided in the trial court. During the pendency of appeal, the children have lived with their grandmother. Under these circumstances, we conclude that father is entitled to custody after a period of transition designed to ensure that the children's needs are best met. Accordingly, we remand the case to the trial court to establish an appropriate plan to transition the children to father's custody that includes ample contact between the children and grandmother."

(Citation omitted.)

establish an appropriate plan to transition D to mother's custody.

■ We reject all of mother's other requests. First, we cannot order that the trial court award grandmother reasonable parenting time. The trial court does not have the authority to grant grandmother parenting time unless she files a new petition demonstrating that she is entitled to it.[2]

Additionally, we are not aware of any authority authorizing us to order the trial court to hold a hearing to determine whether mother is entitled to attorney fees. If mother would like to receive attorney fees, she can petition the trial court for attorney fees on remand.

■ Finally, we cannot grant mother's request to state that grandmother cannot file a new petition seeking to establish that she has a child-parent relationship with D based on the time she had custody of him as a result of the reversed judgment. Because grandmother has not yet filed a new petition seeking that outcome, the controversy (if any) is not ripe.

Motion to vacate appellate judgment and dismiss appeal denied; reconsideration allowed; former opinion clarified and adhered to as clarified.

---

[2] In mother's petition, she cites *DeWolfe v. Miller*, 208 Or App 726, 748, 145 P3d 338 (2006), in which we "[r]eversed and remanded for entry of judgment granting legal and physical custody of child to father and for development of [a] plan giving mother reasonable parenting time." In *DeWolfe*, as opposed to this case, the party who lost custody was a mother; therefore, unlike a grandmother, she was authorized to receive parenting time without making a statutory showing that she qualified for it.