Argued and submitted on December 20, 2007, appeal dismissed April 30, 2008

In the Matter of the Marriage of

Tiffani Sommer PFAFF,
nka Tiffani Sommer Rhonda,
aka Tiffani Sommer Ronda,
*Petitioner-Respondent,*
*and*

Douglas Wayne PFAFF,
*Respondent-Appellant.*

Jackson County Circuit Court
012628D4; A133769

183 P3d 231

Charles Kochlacs argued the cause and filed the brief for appellant.

No appearance for respondent.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

ORTEGA, J.

## ORTEGA, J.

Father appeals a supplemental judgment modifying parenting time to allow mother to move with the parties' child from Eagle Point to the San Francisco Bay Area of California. As we explain below, father's appeal is moot, because mother has since moved to Nevada. We therefore dismiss the appeal.

When father and mother divorced in September 2002, mother was awarded custody of the child, and father was awarded parenting time. In December 2005, mother moved to modify parenting time so that she could relocate to California. In her motion, she asserted that the relocation would be in the child's best interests, because her family lived nearby and could provide support to the child and because she had the prospect of a job that would allow her to better support the child.

The trial court held a hearing on mother's modification motion in June 2006. At the hearing's conclusion, the court indicated that it would grant mother's motion. Following disputes between the parties about the terms of the modified parenting plan and other matters, the trial court entered a supplemental judgment in September 2006 that "granted [mother] permission to move to the Bay Area, and * * * [to] take [the child] with her." Father appealed.

Meanwhile, the trial court entered another supplemental judgment in January 2007. That judgment did not concern mother's relocation to California, but simply clarified father's parenting time. Thus, the January 2007 judgment merely supplemented, and did not supersede, the September 2006 supplemental judgment. *See Jensen v. Bevard*, 217 Or App 309, 312-13, 175 P3d 518 (2007) (concluding that entry of a supplemental judgment to reduce the mother's parenting time did not supersede or render moot an appeal from an earlier judgment awarding the grandmother custody of the child).

More significantly, in August 2007, the trial court held a hearing on mother's motion for a writ of assistance. At that hearing, mother testified that she had relocated to Las Vegas, Nevada. Although there was some dispute over the date of the move, it appears to be undisputed that mother

intended to change her residence permanently. Mother indicated that she was pregnant and had moved to be with her fiancé in Nevada, where they had just had a house built. Father opposed mother's relocation to Las Vegas, noting that "the judgment says [that mother is] allowed to move to California."

In November 2007, the trial court entered a supplemental judgment on "father's objection to mother's move to Las Vegas and father's motion for change of custody." (Capitalization omitted.) In that judgment, the court awarded father temporary custody of the child pending a hearing scheduled for December 2007, awarded mother parenting time, and postponed further hearing on the issues until December 2007.

In response to an inquiry from this court, father contends that his appeal from the September 2006 supplemental judgment is not moot. In father's view, "[b]ecause [m]other could still be granted custody, and still lives out of state, the issue of whether moving the child out of state was in the child's best interest is not moot."

The problem with father's argument is that the September 2006 supplemental judgment did not decide "whether moving the child out of state was in the child's best interest" but rather—as father has previously acknowledged—resolved the specific question whether relocating to a particular area of California was in the child's best interests. *See* ORS 107.102 (providing that, when the court develops a detailed parenting plan, including provisions concerning a parent's relocation, the only considerations are the best interests of the child and the safety of the parties); *Cooksey and Cooksey*, 203 Or App 157, 172, 125 P3d 57 (2005) (describing the analytical framework for deciding relocation cases). Because mother no longer lives in that area and apparently has no intention of returning there, any decision regarding the child's interests in living there would have no practical effect on the parties' rights. Father's appeal is therefore moot. *Jensen*, 217 Or App at 312 ("A case is moot if it is otherwise justiciable, but a court's decision will no longer have a practical effect on the rights of the parties." (Citation omitted.)).

Appeal dismissed.