275 P.3d 997 (2012)
249 Or. App. 214
James C. WALLACE, Petitioner,
v.
STATE ex rel. PUBLIC EMPLOYEES RETIREMENT SYSTEM, and the Public Employees Retirement System Board, Respondents.
060979; A144617.
Court of Appeals of Oregon.
Argued and Submitted April 20, 2011.
Decided April 4, 2012.
*998 James C. Wallace, Salem, argued the cause and filed the briefs pro se.
Leigh A. Salmon, Assistant Attorney General, argued the cause for respondents. With her on the brief were John R. Kroger, Attorney General, and Mary H. Williams, Solicitor General.
Before ORTEGA, Presiding Judge, and BREWER, Judge, and SERCOMBE, Judge.[*]
SERCOMBE, J.
Petitioner seeks review of a final order of the Public Employees Retirement Board (board) that granted summary determination in favor of the Public Employees Retirement System (PERS) and dismissed his previously granted request for a contested case hearing. The board concluded that petitioner's challenge to individual restrictions on his trading activities in the Oregon Savings Growth Plan (plan) was moot. On review, petitioner contends that the board erred in failing to provide him the "rights of a party to a contested case hearing" and in dismissing his request for a contested case hearing as moot. For the reasons discussed below, we conclude that petitioner's assignments of error are moot and dismiss the petition for judicial review.
We take the facts from the unchallenged findings in the board's order, supplemented by additional evidence in the record.[1]See Meltebeke v. Bureau of Labor and Industries, 322 Or. 132, 134, 903 P.2d 351 (1995) (holding that "unchallenged findings of fact are the facts for purposes of judicial review of an administrative agency's final order"). Petitioner has been a participant in the plan since at least 1983. In 2002, the plan began imposing trading restrictions on plan participants that had "made more than two trades per month in a three-month consecutive period" in the International Stock investment option (IS option). In March 2002, the plan's deferred compensation manager (manager) determined that petitioner was engaged in excessive trading and, accordingly, limited petitioner to one redemption per month from the IS option. In December 2004, the board adopted a policy (2004 policy) giving the manager
"the authority to implement reasonable trading restrictions in the [plan] as needed to prevent increases in administrative costs or fees; negative investment performance; or detrimental effects that would arise or be imposed on the [p]lan as a whole or members in general because of excessive member trading."
Pursuant to that policy, in 2005 and 2006, the manager imposed a series of further restrictions on petitioner's ability to trade in the plan.
On March 14, 2006, the manager imposed a final set of individual restrictions on petitioner's trading activities. In May 2006, petitioner requested that the PERS director review the manager's imposition of those restrictions as a staff determination pursuant to OAR 459-001-0030 (Jan. 1, 2002), which provides for PERS director review of a staff action or determination.[2] In a June 2006 letter to petitioner, the PERS director affirmed the staff determination, finding that the manager had appropriately exercised her authority under the 2004 policy to impose the restrictions:
"I am responding to your request that PERS lift the trading restrictions placed on your Oregon Savings Growth Plan (OSGP) account by the Deferred Compensation Manager. Your May 11, 2006 letter, which was received on May 15, 2006, was referred to me.
"DETERMINATION
"The PERS' Board has given the Deferred Compensation Manager authority to *999 implement reasonable trading restrictions in the OSGP as needed to prevent increases in administrative costs or fees, negative investment performance or other detrimental effects that would arise or be imposed on the Plan as a whole or members in general because of excessive member trading. Because it was reported that your trading activity exceeded normal and expected frequency and dollar amounts, the Deferred Compensation Manager exercised her authority to impose restrictions on your trading activity. Therefore, I must deny your request."
Petitioner then requested a contested case hearing pursuant to OAR 459-001-0035 (June 26, 2006).[3] In his August 9, 2006, letter requesting that hearing, petitioner requested that
"the Decision [by the director] be reversed because the Manager did not have authority to impose the restrictions upheld in the Decision and the imposition of those restrictions violate the terms of my Contract and my constitutional rights. If that request is denied, I request that the restrictions in the Decision be changed to those in proposed OAR 459-050-0037, or those restrictions contained in the final rule, if they are less restrictive than those in the proposed rule."
In a letter dated August 11, 2006, PERS acknowledged "receipt of [petitioner's] August 9, 2006[,] letter requesting a contested case hearing" and granted that request. Later that month, PERS referred the case to an administrative law judge (ALJ).
In January 2007, while the contested case was pending, the PERS board adopted OAR 459-050-0037 (May 1, 2007), which imposed trading restrictions on all participants in the plan, including petitioner, and granted the manager the authority to establish additional temporary restrictions. On April 11, 2007, the manager informed petitioner by letter that, "[o]nce the new restrictions [in OAR 459-050-0037] are in place, all current restrictions on your account will be removed and the new restrictions will apply." OAR 459-050-0037 became effective on May 1, 2007. On that date, the manager removed the individual restrictions on petitioner's account. Shortly thereafter, PERS moved for summary determination and dismissal of petitioner's request for a contested case hearing. PERS asserted that "the issues posed by petitioner [were] rendered moot" because petitioner had already received the relief that he had requested in his request for a contested case hearingremoval of the individual restrictionsand no further relief was available to him in the contested case forum.
In response, petitioner agreed that "some of [his] original arguments may be moot."[4] However, petitioner argued that he had originally requested "to have the former restrictions rescinded," and that that relief had not been provided. He also argued that his alternative *1000 request for reliefthat the individual restrictions be changed to conform to those reflected in the proposed version of OAR 459-050-0037 or the final version of that rule, whichever was least restrictive had not been provided because he was subject to the more restrictive final rule. Additionally, he raised new claims for the recovery of damages, declaratory relief, and an award of costs and fees.
The board, which affirmed and adopted the proposed order issued by the ALJ, granted summary determination and dismissed petitioner's request for a contested case hearing, concluding, in part, that "PERS's implementation of rules restricting trading within the plan renders moot [petitioner's] challenge to the previous individual restrictions placed on his account."[5] The board explained:
"When PERS referred this case to the Office of Administrative Hearings, the issue was whether the manager of the Plan had improperly imposed individualized trading restrictions on [petitioner's] ability to trade among various investment options in the Plan. The agency granted [petitioner's] request for a contested case hearing in that matter.
"* * * * *
"The decision to impose trading restrictions on [petitioner] was a determination made by the deferred compensation manager, and, as such, was a staff determination. Arguably, this matter could have been the subject of a contested case hearing.
"But, in the meantime, the situation changed. The manager no longer places individualized restrictions on a member's ability to trade. The agency adopted OAR 459-050-0037, which imposes trading restrictions on Plan participants in general.
"An over-arching principle of law is that when a matter is moot, there is no longer an issue to be entertained. One of the definitions of `moot' in Webster's Third New International Dictionary (Unabridged) is, `to deprive of practical significance.' In Brumnett v. PSRB, 315 Or. 402[, 848 P.2d 1194] (1992), the Court found that where a patient had been discharged from the jurisdiction of PSRB, the possibility that the state might try to recover the costs of the patient's care at some future point was too speculative. A determination by the agency would therefore have no practical effect. Here, a determination [regarding] the individual restrictions on [petitioner's] ability to trade within the Plan would have no practical effect, because individualized restrictions no longer
"[Petitioner] argued that the issues are not moot because he must exhaust his administrative remedies, including asking for a declaratory judgment to get a ruling about the validity of the restrictions placed on him individually. If an issue is moot, jurisdiction is not continued merely because a determination might be relevant in a future tort action. Keeney v. University of Oregon, 178 Or.App. [198, 36 P.3d 982] (2001), rev. den., 334 Or. 327 [52 P.3d 435] (2002). The contested case proceeding of the APA is not meant for the purpose of giving advisory opinions. * * *
"[We] hold that petitioner's claim that there was no authority for the manager to place individual restrictions on his ability to trade among the investment options was rendered moot by the adoption and implementation of the general restrictions in OAR 459-050-0037."
On review, petitioner raises two assignments of error. First, he contends that the board erred in failing to provide him the procedural "rights of a party to a contested case hearing," including proper notice, discovery, and an evidentiary hearing. Second, he contends that the board erred in dismissing *1001 his request for a contested case hearing as moot. Specifically, petitioner argues that the concept of mootness, as a component of justiciability, does not apply to administrative agencies and, therefore, that the board erred by relying on it. Petitioner further argues that a contested case hearing already existed by definition and that, in any event, his "claims for damages, declaratory relief, costs, and attorney fees under state and federal law and constitutional provisions did not become moot." Petitioner seeks a remand to the board with instructions to provide him the "notices and other rights of a party to a contested case hearing prior to considering a motion to dismiss or the merits of [his] claims."
As to petitioner's first assignment of error, the board responds that it "provided petitioner all of the notices and rights required under its own rules and under the [Administrative Procedures Act]." As to petitioner's second assignment, the board concedes that the concept of mootness does not apply to administrative agencies. See Thunderbird Hotels, LLC v. City of Portland, 218 Or.App. 548, 556, 180 P.3d 87 (2008) ("`[M]ootness' is a term of art concerning the authority of the courts to exercise the judicial power conferred by Article VII (Amended) of the Oregon Constitution and * * * as an aspect of justiciability, it applies only to the courts and not to local governments or administrative agencies."). However, the board argues that that particular argument is unpreserved. Further, the board argues that it properly "exercised its discretion not to proceed with a full contested case hearing because petitioner had already received all of the relief the Board could lawfully grant him in the contested case forumnamely, removal of the individual trading restrictions."
We conclude that the review proceeding before this court is moot. See Cyrus v. Board of County Commissioners, 226 Or. App. 1, 5, 202 P.3d 274 (2009) ("This court has an independent obligation to determine whether a case is justiciable, and mootness is part of that inquiry." (Citation and internal quotation marks omitted.)). As we explained in Starrett v. City of Portland, 196 Or.App. 534, 538, 102 P.3d 728 (2004):
"Under traditional principles, a case is justiciable if the parties have adverse interests and the court's decision in the matter will `have some practical effect on the rights of the parties to the controversy.' Brumnett v. PSRB, 315 Or. 402, 405, 848 P.2d 1194 (1993). The requirement that the court's decision have a practical effect on the party invoking the court's jurisdiction must remain satisfied throughout the litigation. Utsey v. Coos County, 176 Or. App. 524, 540, 32 P.3d 933 (2001), rev. dismissed, 335 Or. 217, 65 P.3d 1109 (2003). Thus, a case that is `otherwise justiciable, but in which a court's decision no longer will have a practical effect on or concerning the rights of the parties, will be dismissed as moot.' Brumnett, 315 Or at 406 [848 P.2d 1194]."
In this case, the relief available to petitioner on review is a remand to the board. Petitioner acknowledges that the manager has removed the individual restrictions from his account, but suggests that, on remand, the board could additionally provide him with declaratory and compensatory relief.[6] Accordingly, in order to determine whether exercising judicial review will have a practical effect on petitioner, we must first determine whether, on remand, the board could provide petitioner additional relief.
As explained, petitioner sought review of the director's determination denying his request that the individual restrictions be removed from his account. Petitioner did so by filing a petition for a contested case hearing pursuant to OAR 459-001-0035. That rule requires that a petition for a contested case hearing address certain enumerated criteria. Specifically, OAR 459-001-0035(3) requires that a petition include, among other things, a "statement of the action the petition seeks." Following receipt of a petition, PERS may grant or deny the request for a contested case hearing.[7] OAR 459-001-0035(5). *1002 It necessarily follows, then, that the scope of a contested case hearingincluding the relief availableis limited to that specified in the initial petition.
In his petition for a contested case hearing, petitioner requested that "the Decision [by the director] be reversed." That, in effect, was a request that the board remove the individual restrictions from his account. Because those individual restrictions have since been removed by the manager, petitioner has obtained the relief that he requested in his petition for a contested case hearing. On remand, even if the board were to agree with petitioner's contentions that the individual restrictions were improperly imposed, the board could not provide him additional relief. Accordingly, no practical effect would result from a determination by this court regarding whether the board erred in failing to address the merits of petitioner's claims or in failing to provide petitioner certain rights associated with a contested case hearing. See, e.g., Thunderbird Hotels, LLC, 218 Or.App. 548, 180 P.3d 87 (concluding, in part, that no practical effect would result from a determination by this court of whether the Land Use Board of Appeals, which had invalidated an expired city ordinance, erred in failing to address a party's alternative arguments supporting the invalidity of the ordinance).
Petition for judicial review dismissed as moot.
NOTES
[*] Brewer, J., vice Rosenblum, S.J.
[1] Petitioner does not assign as error the accuracy or completeness of the board's findings of fact.
[2] All citations to OAR 459-001-0030 reference the version that was in effect at the time petitioner requested that the PERS director review the manager's imposition of trading restrictions. That version became effective on January 1, 2002.
[3] All citations to OAR 459-001-0035 reference the version that was in effect at the time that petitioner requested a contested case hearing. That version became effective on June 26, 2006. OAR 459-001-0035 provides, in relevant part:

"(1) Request for a contested case hearing. To obtain review of any determination by the Director, for which a contested case hearing has not been held, the party shall file with the Board a petition for a contested case hearing. * * *
"* * * * *
"(3) Criteria for Request. The petition for a contested case hearing shall be in writing and set forth:
"(a) A description of the determination for which review is requested;
"(b) A short statement of the manner in which the determination is alleged to be in error;
"(c) A statement of facts that are the basis of the petition;
"(d) Reference to applicable statutes, rules or court decisions upon which the petitioner relies;
"(e) A statement of the action the petition seeks; and
"(f) A request for a hearing.
"(4) Contested Case Hearing. The Board shall acknowledge receipt of a petition for a contested case hearing within 15 days of filing.
"(5) The Director, or an administrator appointed by the Director, may direct the staff to schedule a formal contested case hearing or develop a recommendation to deny the member's request to be presented to the Board. The Board may then deny a request for a hearing when it has decided, in consultation with legal counsel, that the Board has no authority to grant the relief requested."
[4] Petitioner did not specifically identify which arguments he believed may have been rendered "moot."
[5] After the ALJ issued the proposed order, but before the board issued its final order, petitioner filed a complaint in circuit court asserting several claims related to the manager's imposition of individual restrictions on his trading activities. Because petitioner's contested case proceeding was still in progress at the time he filed his complaint, the court concluded that it lacked subject matter jurisdiction over those claims and dismissed the complaint with prejudice. Petitioner appealed, and we reversed, concluding that the court erred in dismissing, instead of abating, those claims on which petitioner had requested compensatory relief. Wallace v. State ex rel. PERB, 245 Or.App. 16, 263 P.3d 1020 (2011).
[6] In Wallace, however, we concluded that petitioner could not recover compensatory damages through his contested case proceeding. 245 Or. App. at 29-30, 263 P.3d 1020.
[7] Specifically, the board may deny a request for a contested case hearing when it has decided, after consulting with legal counsel, that it lacks the authority to grant the relief requested. OAR 459-001-0035(5).