Argued and submitted January 29, reversed and remanded for reconsideration February 25, 2015

JRP CONSTRUCTION ENTERPRISES, INC.,
*Petitioner,*

*v.*

DEPARTMENT OF CONSUMER BUSINESS SERVICES
and Gerardo L. Herrera,
*Respondents.*

Department of Consumer and Business Services
1200032H; A155258

343 P3d 1290

Jerald P. Keene argued the cause for petitioner. With him on the briefs was Oregon Workers' Compensation Institute, LLC.

Edward J. Harri argued the cause for respondents. With him on the brief was Philip H. Garrow.

Before Duncan, Presiding Judge, and Lagesen, Judge, and Flynn, Judge.

LAGESEN, J.

**LAGESEN, J.**

Petitioner JRP Construction Enterprises, Inc. (insurer)[1] petitions for review of a final order[2] of the Director of the Department of Consumer and Business Services (the director) in this workers' compensation medical services dispute. In the final order, the director dismissed as "moot" petitioner's request for "director review" under ORS 656.704(2)(a) and OAR 436-001-0246 of the order of an administrative law judge (ALJ) that found that insurer incorrectly denied medical services to claimant, and awarded attorney fees to claimant based on that determination. For the reasons that follow, we reverse the final order and remand to the director for reconsideration.

This dispute arose after claimant requested preauthorization from insurer to obtain certain treatments for his compensable injury. Insurer declined to grant preauthorization based on its view that it was not required to provide preauthorization, but that it was permitted to wait to process claimant's claim for medical services if and when claimant obtained those services and submitted a claim for reimbursement. Claimant sought review of insurer's decision not to grant preauthorization before the Medical Resolution Team of the Workers' Compensation Division. On review, the medical reviewer found that insurer's decision not to grant preauthorization was a denial of medical services to which claimant was entitled. The medical reviewer found further that claimant was the prevailing party and awarded attorney fees to claimant on that basis.

Insurer then requested a hearing on the matter before an ALJ under ORS 656.704(2). Following the hearing, the ALJ affirmed the decision of the medical reviewer, finding that insurer had incorrectly denied medical services to claimant. In so finding, the ALJ rejected insurer's argument that nothing in the applicable statutes or rules required it to preauthorize the particular medical services

---

[1] Petitioner is a self-insured employer.

[2] After the director issued the final order, petitioner sought reconsideration of it, a process which resulted in the issuance of an order on reconsideration that affirmed the final order. Petitioner timely petitioned for review of both orders. Because this procedural fact does not bear on our disposition of this judicial-review proceeding, we refer to both orders as the "final order" for convenience.

requested by claimant or precluded it from waiting to process any claim for those medical services until after claimant obtained them and submitted a claim for them. The ALJ further determined that claimant, having established that insurer denied a claim for medical services, was entitled to additional attorney fees in connection with the hearing before the ALJ.

Thereafter, insurer sought director review of the ALJ's decision under ORS 656.704(2)(a). Before the director, insurer reiterated the arguments that it presented to the ALJ: that it was under no legal obligation to preauthorize the particular medical services requested by claimant and that its decision not to preauthorize the requested medical services was not the equivalent of the denial of a claim for medical services. Insurer requested the director reverse the ALJ's order, including the award of attorney fees; insurer argued that there would be no basis for attorney fees if the director agreed that the denial of preauthorization was not the equivalent of the denial of a claim for medical services. While review was pending before the director, claimant obtained the medical services underlying the dispute and insurer paid for the expenses related to those services. At that point, the director, *sua sponte*, issued a final order dismissing the review proceeding. The order states, in full:

> "This is a dispute in which the employer refused to pre-authorize an examination by a specific medical provider and refused to provide travel expenses to that exam prior to the travel. The parties now agree that the travel has already occurred, the examination has been performed, and the employer has paid all related expenses. The dispute is therefore moot.
>
> "**IT IS HEREBY ORDERED** This matter is dismissed."

(Capitalization and boldface in original.) Insurer sought reconsideration, arguing that a ruling in insurer's favor would eliminate claimant's entitlement to attorney fees and require a reversal of that award, establishing that insurer's request for director review was not moot. The director denied reconsideration and affirmed the prior order of dismissal, explaining:

"I previously issued a Final Order dismissing this matter on the grounds [that] the substantive dispute was moot because the employer had already paid for the disputed medical services at the time [that] the dispute came before me for a final order. The employer requested reconsideration, arguing [that] there were substantive issues that remained to be decided.

"On further review, I find the Final Order was correct and that the substantive issues are moot. Reconsideration is denied and the Final Order is affirmed."

Insurer petitioned this court for review of the director's final order, as authorized by ORS 656.704(2). On review, the parties dispute the correctness of the director's determination that the matter was moot. We reverse and remand for reconsideration.

The order on review does not disclose what the director meant by the term "moot." If the director dismissed insurer's request for review under the jurisdictional doctrine of mootness that governs the courts, the director erred. "'[M]ootness' is a term of art concerning the authority of the courts to exercise the judicial power conferred by Article VII (Amended) of the Oregon Constitution and * * *, as an aspect of justiciability, *it applies only to the courts and not to local governments or administrative agencies.*" *Thunderbird Hotels, LLC v. City of Portland*, 218 Or App 548, 556, 180 P3d 87 (2008) (emphasis added); *see also Wallace v. State ex rel PERS*, 249 Or App 214, 220, 275 P3d 997, *rev den*, 352 Or 342 (2012) (noting agency's concession "that the concept of mootness does not apply to administrative agencies").

However, alternatively, if the director dismissed insurer's request for review under some other concept of mootness created by the agency in the course of carrying out the authority delegated to it by statute, the director's decision is not supported by substantial reason—that is, it does not "articulate a rational connection between the facts and the legal conclusions it draws from them"—and we must reverse and remand on that basis. *Jenkins v. Board of Parole*, 356 Or 186, 195, 335 P3d 828 (2014) (internal quotation marks omitted); *Hamilton v. Pacific Skyline, Inc.*, 266 Or App 676, 680, 338 P3d 791 (2014). Specifically, in omitting to address

whether a ruling in insurer's favor would require a reversal of the attorney fee awards against insurer, the order fails to articulate a rational connection between the fact that insurer remains subject to those attorney fee awards and the legal conclusion that the dispute is no longer live. In the absence of any such rational explanation, we are unable to review whether the director's decision to dismiss insurer's request for review comports with the director's obligation under ORS 656.704(2) to conduct review of ALJ orders, is consistent with the requirements of any other applicable statutes or rules, or otherwise falls "[o]utside the range of discretion delegated to the agency by law." ORS 183.482(8) (articulating applicable standard of review).[3]

Reversed and remanded for reconsideration.

---

[3] In their briefs on appeal, the parties focus on the correctness of the director's mootness ruling; neither party argues that we can or should review directly the underlying orders left in place by the director's order dismissing insurer's request for review. Accordingly, we do not address the issue of whether the applicable statutes governing our review would permit us to review the merits of the underlying orders, notwithstanding the director's decision to dismiss insurer's request for director review of those orders.