Argued and submitted November 7, 1991, decision of Court of Appeals vacated;
judicial review dismissed as moot February 19, reconsideration denied July 27, 1993

# LEO WRIGHT BRUMNETT, III,
*Petitioner on Review,*

*v.*

# PSYCHIATRIC SECURITY
# REVIEW BOARD,
*Respondent on Review.*

## (PSRB 88-992; CA A63730; SC S38002)

848 P2d 1194

Harris S. Matarazzo, Salem, argued the cause and filed the petition for petitioner on review.

Katherine H. Waldo, Assistant Attorney General, Salem, argued the cause and filed the response for respondent on review. With her on the response were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

FADELEY, J.

## FADELEY, J.

Petitioner entered a hardware store, took a shotgun and ammunition, went to the top of the county courthouse, forcing a friend to go along with him, and there attempted to air grievances that, in his estimation, the community was not taking seriously enough. Petitioner was found guilty, but for mental disease or defect, of burglary in the first degree with a firearm and theft in the first degree. He was committed to the jurisdiction of the Psychiatric Security Review Board (PSRB) for 25 years.

Later, petitioner sought release from PSRB jurisdiction on the ground that he did not suffer from a mental disease or defect at that time. On December 8, 1989, PSRB refused release, finding that petitioner suffered from "alcohol abuse," and that that condition qualified as a mental disease or defect permitting continued jurisdiction of the PSRB. As a result, petitioner's confinement at the Oregon State Mental Hospital continued.

Petitioner sought judicial review in the Court of Appeals, claiming that "alcohol abuse" is not a mental disease or defect within the meaning of that term in the statutes granting PSRB continuing jurisdiction, ORS 161.346 and ORS 161.327, and that, therefore, he should be released because PSRB had no authority to hold him in a mental hospital for such a condition. The Court of Appeals affirmed the PSRB decision. *Brumnett v. Psychiatric Security Review Board*, 106 Or App 182, 807 P2d 347 (1991). This court allowed review.

While review in this court was pending, PSRB released petitioner unconditionally after new hearings not involved in this judicial review, and sometime thereafter the state moved to dismiss this case as moot because of that unconditional release.

Petitioner responded that the case was not moot, because he was still subject to a statutory obligation to pay all or part of the costs of his care under ORS 179.620 and that a lien for those costs could be placed on his property under ORS 179.653. A statute, ORS 179.640, permits the division to start efforts to collect for three years after the end of hospitalization, a time period not yet expired. Petitioner contended that

the period of confinement between the date he should have been released unconditionally — because not suffering from a mental defect or disease — and the much later date when he was in fact released, created a collateral economic effect of the error in not releasing him at the first hearing, and, thus, that the judicial review was not moot. The state replied that the claimed collateral effect was not present in the case, because no order had been entered assessing any amount due from petitioner to the State of Oregon for the hospitalization during the past contested period, but the state declined to agree that it was disabled in the future from claiming reimbursement for the contested care, if an attempt to collect were commenced within the three-year period.

To determine whether the state's motion to dismiss as moot should be granted, we turn to examination of our cases, the statutes governing claims for cost of care provided by the Mental Health and Developmental Disability Services Division, and that division's administrative rules adopted thereunder.

■ Determining mootness is one part of the broader question of whether a justiciable controversy exists. A justiciable controversy must exist, for appellate courts may not "decide abstract, hypothetical or contingent questions." *Gortmaker v. Seaton*, 252 Or 440, 442, 450 P2d 547 (1969) (quoting *Federation of Labor v. McAdory*, 325 US 450, 461, 65 S Ct 1384, 89 L Ed 1725 (1945)).

A preliminary question related to whether a justiciable controversy exists is whether the interests of the parties to the action are adverse. *Oregon Medical Assn. v. Rawls*, 276 Or 1101, 1105, 557 P2d 664 (1976). Disagreement between the parties at oral argument on the subject of potential economic liability demonstrates some adversity continuing to the present time.

A second requirement for a justiciable controversy is that the court's decision in the matter will have some practical effect on the rights of the parties to the controversy. *See Warren v. Lane County*, 297 Or 290, 686 P2d 316 (1984) (to determine whether judicial review from land use decision is moot, one must determine whether a decision will have

practical effect; if there still is a practical effect, the controversy is not moot).

■ Cases that are otherwise justiciable, but in which a court's decision no longer will have a practical effect on or concerning the rights of the parties, will be dismissed as moot. *See Mid-County Future Alt. v. Metro. Area LGBC*, 304 Or 89, 742 P2d 47 (1987) (declining to reach the merits of the case after the legislature adopted a law that controlled the issue presented in the case); *Kay v. David Douglas Sch. Dist. No. 40*, 303 Or 574, 738 P2d 1389 (1987) (holding that there was no justiciable controversy because the commencement ceremony, at which the giving of any formal prayer had been enjoined, already had occurred by the time the appeal reached the court), *cert den* 484 US 1032 (1988); *Oregon Republican Party v. State of Oregon*, 301 Or 437, 722 P2d 1237 (1986) (dismissing as moot an action to allow the solicitation of absentee ballot requests for an election that had already been held).

■ The state argues that whether petitioner ever will be required to pay anything is uncertain and, at best, a mere possibility. It is conceded that the division has not yet assessed, attempted to assess, or started any proceeding to assess any amount against petitioner.

ORS 179.620(1) and (2) provide:

"(1) A person and the personal estate of the person, or a decedent's estate, is liable for the full cost of care. Full cost of care is established according to ORS 179.701.

"(2) While the person is liable for the full cost of care, *the maximum amount a person is required to pay* toward the full cost of care *shall be determined according to the person's ability to pay*. Ability to pay is determined as provided in ORS 179.640." (Emphasis added.)

OAR 309-12-030(1) iterates that "[i]ndividuals admitted to Mental Health and Developmental Disability Services Division institutions are liable for the full cost of their care, but are required to pay only what they are able to pay."

ORS 179.640 and the relevant administrative rules contemplate that the division shall issue a Determination of Ability to Pay Order and a Determination of Charges for each patient sought to be charged with the costs of the patient's

care. OAR 309-12-033. As already noted, the division may issue such an order at any time within three years after hospital service was last provided the patient, a period that has not yet run in this case. In addition, however, both statute and rules provide for waiver of collection of any amount declared payable where collection "would be detrimental to the best interests of the person or the division," ORS 179.731, or that "further efforts * * * to collect * * * would be harmful to the person." OAR 309-12-033(6)(a)(B). Furthermore, where "[c]harges have not been assessed by a prior Ability-to-Pay Order" the applicable rule provides that "charges should not be assessed" if either of those provisions for waiver apply. OAR 309-12-033(6)(a)(C).

Petitioner is not presently the subject of any order of the state to pay any of the cost of his care and consequently is not presently subject to any lien. The mere possibility that the state might seek such an order at some future date is not sufficient to make dismissal inappropriate. The state has not said that it intends to seek any reimbursement from petitioner. Rather, one representative of the state has asserted only that it *might* do so some time in the future. The moving party has carried its burden to establish that the case is moot.

*Oregon Republican Party v. State of Oregon, supra,* provides an analogy. In that case, the Republican Party sued the state to determine the legality of a plan that the party intended to use to encourage absentee voter participation. By the time the case reached the appellate courts, the specific election alleged in the party's complaint seeking a declaration of the plan's legality had come and gone. This court held that the case was moot, even though the same plan *might* be used at a subsequent election. The mere possibility that the plan might be used in the future was not good enough to prevent mootness. *See also Hay v. Dept. of Transportation,* 301 Or 129, 133-34, 719 P2d 860 (1986) (challenge to expired agency rule was moot, although agency might later readopt that rule).

The decision of the Court of Appeals is vacated. The judicial review is dismissed as moot.