Argued and submitted January 15, appeal dismissed April 14, 1999

## CHRIS PETERSON,
*Respondent,*

*v.*

## Dan JOHNSON,
Superintendent,
Snake River Correctional Institution,
*Appellant.*

(97-06-28930M; CA A101477)

979 P2d 773

Christine Chute, Assistant Attorney General, argued the cause for appellant. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Bob Pangburn argued the cause and filed the brief for respondent.

Before Landau, Presiding Judge, and Deits, Chief Judge,* and Edmonds, Judge.

* Deits, C. J., *vice* Rossman, S. J.

LANDAU, P. J.

**LANDAU, P. J.**

In this habeas corpus case, the state appeals, seeking reversal of the trial court's decision that plaintiff was entitled to release from prison on the ground that the Board of Parole had erred in determining that plaintiff suffered from a present severe emotional disturbance that rendered him a danger to the health and safety of the community. Pursuant to the trial court's order, plaintiff was paroled from prison. The state has filed a motion notifying the court that, since the trial court's judgment, plaintiff has violated the terms of his parole and that his parole has been revoked. We treat the state's motion as a motion to determine jurisdiction and conclude that the appeal must be dismissed as moot.

Plaintiff's original habeas corpus petition challenged the deferral of his parole for a two-year period; the state's appeal of the trial court's decision pertains solely to the propriety of an order concerning that two-year period. It is beyond dispute that plaintiff is not now, and will never again be, subject to detention under the challenged order. Given the circumstances, the question is whether a decision on the merits of this case could have any practical effect.

The state suggests that it could be argued that, although plaintiff has been reincarcerated, "an appellate court order voiding the circuit court's release order might eliminate [plaintiff's] ability to challenge the board's subsequent orders revoking parole and denying rerelease." We do not believe that that is the type of collateral consequence that can create a justiciable controversy in what otherwise would be a moot case. *See Brumnett v. PSRB*, 315 Or 402, 405, 848 P2d 1194 (1993); *Barnes v. Thompson*, 159 Or App 383, 977 P2d 431 (1999).

Appeal dismissed.