Submitted on remand from the Oregon Supreme Court October 28, 2008,
appellant's motion to allow appeal to proceed denied; appeal dismissed
April 29, 2009

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## JANET G. JESSUP,
*Defendant-Appellant.*

Multnomah County Circuit Court
030130518; A123246

206 P3d 1122

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief
Deputy, and Louis R. Miles, Deputy Defender, Office of
Public Defense Services, for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Tiffany Keast, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

PER CURIAM

**PER CURIAM**

This case is before us on remand from the Supreme Court, which vacated our prior decision, *State v. Jessup*, 202 Or App 227, 120 P3d 1257 (2005) (*Jessup I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007). *State v. Jessup*, 345 Or 315, 195 P3d 63 (2008). Defendant has filed a motion to allow her appeal to proceed, arguing that her case is not moot—despite her acknowledgment that she completed her sentence that is the subject of this appeal on November 10, 2008—because she intends to file a civil suit challenging the constitutionality of her confinement. Defendant argues that, because recovery in her civil suit would be predicated on a finding that her confinement was illegal, a determination by this court that the trial court erred when it imposed a departure sentence on the basis of judicial findings of fact will have a "practical effect" on the subsequent litigation defendant anticipates, thus preventing the case from becoming moot.

██ In this case, the relief available to a criminal defendant for this type of error—judicial factfinding in support of imposing a departure sentence—is a remand for resentencing. It is beyond dispute that there is no need for that remedy here because defendant admits that she has already served out her sentence. A case becomes moot when the court's exercise of authority would no longer have some practical effect on the rights of the parties to the controversy. *Brumnett v. PSRB*, 315 Or 402, 405-06, 848 P2d 1194 (1993). What defendant requests amounts to a declaratory judgment that, she argues, will have a meaningful effect in *a separate*, subsequent civil case she intends to file. This we cannot do. In this respect, defendant's claim is similar to the claim we rejected in *Keeney v. University of Oregon*, 178 Or App 198, 205-06, 36 P3d 982 (2001). The plaintiff in *Keeney* claimed that his appeal to this court had not been mooted by his graduation from the university because, if he were to succeed in having the university's disciplinary order against him declared invalid, he would have the ability to pursue tort remedies against the university. We rejected that argument, holding that "the mere possibility that petitioner *might* file a future tort action in which the lawfulness of the February 1997

order would be a relevant consideration does not constitute 'effectual relief' for purposes of mootness." *Id.* at 207 (quoting *Joint Council of Teamsters #37 v. BOLI*, 168 Or App 398, 413, 11 P3d 247, *rev den*, 331 Or 429 (2000)) (emphasis in original). Here, defendant's asserted interest in a ruling from this court is not relief from her sentence, but rather a declaration that that sentence was illegal—a declaration that, defendant claims, will enable her to potentially recover damages in a civil suit she intends to file. As in *Keeney*, that possibility is insufficient to render this case justiciable.

Appellant's motion to allow appeal to proceed denied; appeal dismissed.