Argued and submitted March 15, reversed and remanded with instructions to correct the retroactive child support award; otherwise affirmed April 18, 2012

In the Matter of the Marriage of

James Russell NIX,
*Petitioner-Respondent,*
*and*

Jaclyn Anne NIX,
*Respondent-Appellant.*

Coos County Circuit Court
03DM0568; A147427

277 P3d 608

Kevin J. Jacoby argued the cause and filed the brief for appellant.

George W. Kelly argued the cause for respondent. On the brief was Carol Poli Cyphers.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Hadlock, Judge.

PER CURIAM

## PER CURIAM

Mother appeals a supplemental judgment modifying custody, child support, and parenting time. She raises six assignments of error. We reject five of mother's assignments of error without discussion and write only to address her sixth assignment of error, in which she contends that the trial court erred in awarding retroactive child support for a period of 60 days prior to the entry of the supplemental judgment. After entry of the supplemental judgment, the trial court issued a letter opinion indicating that it agreed with mother's assertion that retroactive child support should not be awarded in this case and instructing father's counsel to "immediately submit an amended supplemental judgment correcting the time for commencement of the payment of child support." On appeal, father does not contend that the retroactive support award was proper in this case, but asserts that in light of the trial court's letter opinion, "the court ruled in [m]other's favor, and the issue is moot." Father acknowledges, however, that "an amended supplemental judgment was not submitted to the trial court for signature * * * because [m]other had previously filed her [n]otice of [a]ppeal."

Notwithstanding the trial court's determination that retroactive support should not have been awarded in this case, the judgment on appeal provides for payment of retroactive support. Accordingly, mother's sixth assignment of error is not moot. *See Brumnett v. PSRB*, 315 Or 402, 406, 848 P2d 1194 (1993) (a case is moot when "a court's decision no longer will have a practical effect on or concerning the rights of the parties").

Reversed and remanded with instructions to correct the retroactive child support award; otherwise affirmed.