Submitted June 12, affirmed July 10, 2013

In the Matter of D. H.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

T. A. H.,
*Appellant.*

Washington County Circuit Court
J120414;
Petition Number 01J120414M

In the Matter of T. H.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

T. A. H.,
*Appellant.*

Washington County Circuit Court
J120415;
Petition Number 01J120414M

In the Matter of T. H.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

T. A. H.,
*Appellant.*

Washington County Circuit Court
J120416;
Petition Number 01J120414M

In the Matter of T. H.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

T. A. H.,
*Appellant.*

Washington County Circuit Court
J120417;
Petition Number 01J120414M;
A153390 (Control), A153391

306 P3d 790

Megan L. Jacquot filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent.

Before Nakamoto, Presiding Judge, and Schuman, Judge, and Egan, Judge.

PER CURIAM

## PER CURIAM

Mother appeals judgments establishing jurisdiction and disposition as to her four children. DHS alleged that the youngest, infant T, suffered severe injuries; mother left T with unsafe caregivers and failed to protect her from abuse; mother does not adequately supervise children; mother was unable to protect them from domestic violence by father of the youngest three; and mother does not understand basic needs of children and lacks parenting skills. The juvenile court ruled that DHS had proved the allegations and placed children in substitute care. In two of her assignments of error, mother contends that the court erred by taking jurisdiction over children, and, in a third assignment, contends that the court's disposition, out-of-home placement of children, was error.

After briefing was complete, children were placed with mother. Accordingly, mother's assignment of error to the court's out-of-home placement of children is now moot. *See Brumnett v. PSRB*, 351 Or 402, 405, 848 P2d 1194 (1993) (A case is moot when the "court's decision no longer will have a practical effect on or concerning" the parties' rights.). As for mother's other assignments of error challenging jurisdiction, we affirm.

Mother left T and her two boys, ages 5 and 6, in the care of a friend, Adams, who was living with her, while she went out and while D, her teenaged daughter, went to a school dance. Mother did not come home that night, and in the morning, D discovered that T had a bump on her head and did not appear normal. D, who often babysat her siblings, called mother, crying, but mother thought D was overreacting. When mother got home, it was evident that T needed emergency care. T had a skull fracture, a broken arm and ribs, and a liver laceration. Mother argues that children were not at risk and did not need the court's protection at the time of the hearing because the abuse of T was unforeseeable; Adams was no longer in her life and she cooperated with authorities in his criminal prosecution; and, after moving in with her brother, mother had more assistance with children. Mother also notes that she sought a restraining order against the father of the three younger children. Without

further discussion, we agree with DHS that the record supports the juvenile court's jurisdiction over children under ORS 419B.100(1)(c) (the court has jurisdiction if the child's "condition or circumstances are such as to endanger the welfare" of the child) given the injuries to T, mother's conduct in response, and evidence that mother failed to provide adequate supervision for children.

Affirmed.