Submitted May 5, appeal dismissed as moot June 22, 2016

In the Matter of C. R. C.,
A Person Alleged to have a Mental Illness.
STATE OF OREGON,
*Respondent,*

*v.*

C. R. C.,
*Appellant.*

Deschutes County Circuit Court
15MN0161; A159816

377 P3d 687

Jed Peterson and O'Connor Weber LLP filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Garrett, Judge.

## PER CURIAM

In this case, the trial court found appellant, because of a mental disorder, to be a danger to herself, ORS 426.005(1)(e)(A), and civilly committed her for a period of time not to exceed 180 days, ORS 426.130. Appellant does not challenge the commitment itself but, rather, challenges the duration of the commitment. That is, in appellant's view, because the only evidence in the record concerning the appropriate period of time to commit her was testimony from a psychiatrist that it would be "reasonable to expect [the commitment to] be less than 60 days," the trial court abused its discretion when it ordered the period of time of appellant's commitment not to exceed 180 days.

The state counters that appellant's challenge is moot because the relief requested by her—that we vacate the commitment order as to its duration—would, at most, result in a remand to shorten the commitment period and that, because appellant was discharged from her commitment nine days after it began, the relief requested by her would have no practical effect. We agree with the state and, accordingly, dismiss the appeal as moot. *See Brumnett v. PSRB*, 315 Or 402, 406, 848 P2d 1194 (1993) ("Cases that are otherwise justiciable, but in which a court's decision no longer will have a practical effect on or concerning the rights of the parties, will be dismissed as moot.").

Appeal dismissed as moot.