Submitted December 4, 2015, affirmed June 14, petition for review denied November 9, 2017 (362 Or 175)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ANDRAIA LUISA TURUDIC,
*Defendant-Appellant.*

Yamhill County Circuit Court
14VI30797; A158359

399 P3d 1041

Andraia L. Turudic filed the brief *pro se.*

Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Keith L. Kutler, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Hadlock, Chief Judge, and Egan, Judge.

**EGAN, J.**

Defendant appeals a judgment of conviction for one count of failure to perform the duties of a driver when property is damaged, ORS 811.700(1)(a),[1] a misdemeanor that the district attorney chose to pursue as a violation.[2] In her first assignment of error, defendant contends that the trial court erred by denying her motion to dismiss the charge as a matter of law because there was insufficient evidence that she failed to perform the duties of a driver. In her second assignment of error, defendant challenges the trial court's decision to deny her request to rescind the suspension of her driver's license pending this appeal. For the reasons that follow, we affirm.

When we review a challenge to the sufficiency of the evidence following a conviction of a violation, we examine the evidence "in the light most favorable to the state to determine whether any rational trier of fact could have found that the essential elements of the violation had been proved by a preponderance of the evidence."[3] *State v. Bainbridge*, 230 Or App 500, 502, 216 P3d 338 (2009) (internal quotation marks, brackets, and citation omitted).

The material facts are not in dispute. A vehicle driven by defendant collided with a vehicle driven by defendant's friend in a parking lot. At the time of the accident, the two drivers were friends and high school classmates. The

---

[1] In relevant part, ORS 811.700(1)(a) provides:

"If the person is the driver of any vehicle involved in an accident that results only in damage to a vehicle that is driven or attended by any other person the person must perform all of the following duties:

"(A) Immediately stop the vehicle at the scene of the accident or as close thereto as possible. * * *.

"(B) Remain at the scene of the accident until the driver has fulfilled all of the requirements under this paragraph.

"(C) Give to the other driver or passenger the name and address of the driver and the registration number of the vehicle that the driver is driving and the name and address of any other occupants of the vehicle."

[2] Under ORS 153.008(1)(d), an offense is a violation if "[t]he prosecuting attorney has elected to treat the offense as a violation for purposes of a particular case" and the prosecutor follows the procedural requirements of ORS 161.566.

[3] Under ORS 153.076(2), "[t]he state, municipality or political subdivision [has] the burden of proving the charged violation by a preponderance of the evidence."

two drivers and their boyfriends had visited a restaurant together and were in the process of leaving the parking lot when they collided. The occupants of the cars stopped and assessed the damage caused by the collision and found that the collision had damaged the front bumper of defendant's friend's car. The two drivers did not exchange any identifying information at the scene of the accident, and they left the scene to go to the same next destination. The friend's mother contacted defendant the following day via text message and asked defendant for her parents' phone number and for the vehicle's insurance information. After defendant refused to comply, the friend's mother first threatened to call the police and then did so. Two days later, at 10:00 a.m., a police officer contacted defendant at her high school. The officer "informed [defendant] of her legal obligation to provide certain information to the owner of damaged property in a traffic crash. I told her I had [her friend's] information, but still needed hers. I told her I was there to facilitate the exchange of that information." Again, defendant refused to provide "the information," and the officer arrested defendant for failure to perform the duties of a driver when property is damaged, ORS 811.700(1)(a).

ORS 811.700 is a Class A misdemeanor, but the prosecutor elected to pursue the charge against defendant as a Class A violation. Defendant was found guilty of the violation after a trial in municipal court and she sought *de novo* review in the circuit court. After denying defendant's motion for dismissal as a matter of law for lack of evidence, the circuit court found defendant guilty. As a result of her conviction, defendant was fined $435 by the trial court and her driving privileges were suspended for 90 days by the Driver and Motor Vehicle Services Division (DMV) of the Department of Transportation. The suspension began December 27, 2014. Defendant appealed. Defendant then requested that the circuit court rescind the suspension pending this appeal. The circuit court declined.

On appeal, defendant reasserts her argument that she made to both trial courts below that the evidence was not sufficient to find her guilty of a violation under ORS 811.700(1)(a). Defendant also asserts that the trial court

erred by not granting her request to rescind the driver's privilege suspension pending this appeal.

We first address defendant's second assignment of error that the circuit court abused its discretion by denying defendant's request to rescind the suspension of her driver's privileges pending this appeal, as authorized by ORS 809.460.[4] The state contends that, because defendant's driving privileges were suspended for 90 days beginning December 27, 2014, and the suspension has now ended, the issue of whether the circuit court abused its discretion is moot. We agree.

An issue on appeal is moot if a reviewing court's decision will have no practical effect on the rights of the parties. *Brumnett v. PSRB*, 315 Or 402, 405-06, 848 P2d 1194 (1993). In this case, after her driver's privileges had been suspended for about two months, defendant requested the trial court to rescind the remainder of her suspension pending the outcome of this appeal. Defendant's driver's privileges would have been restored in March 2015. Defendant makes no argument that the circuit court's denial of her request to rescind would have any effect on her now. We conclude that defendant's second assignment of error is moot, and we do not address it.

We turn to defendant's first assignment of error. ORS 811.700(1)(a) requires a driver involved in an accident that results in damage to another vehicle to "[g]ive to the other driver or passenger the name and address of the driver and the registration number of the vehicle that the driver is driving and the name and address of any other occupants of the vehicle."[5] Defendant argues that the circuit court could not have found defendant guilty because the information she was required by ORS 811.700(1)(a) to provide to the driver of the damaged vehicle was known or

---

[4] Under ORS 809.460(1), the court that enters the judgment of conviction has discretion to order the Department of Transportation to rescind the suspension pending the outcome of an appeal if the person has appealed and has made a written request to the convicting court.

[5] Neither party raises the issue of whether defendant gave the driver of the damaged vehicle the name and address of her boyfriend who was defendant's passenger at the time of the accident. We, therefore, do not address that requirement.

available to that driver. The state contends that defendant failed to perform the clearly expressed duties imposed on her by that statute because she did not "give" the required information to the driver of the damaged vehicle.

Whether a rational trier of fact could find that defendant did not "give" the required information to the other driver involves a question of statutory interpretation. When construing a statute, our task is to discern the intent of the legislature. ORS 174.020(1)(a); *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). We resolve statutory construction questions through an inquiry into the statute's text and context, and any pertinent legislative history that the parties may offer. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009).

The term "give" is not defined in the statute; accordingly, we look to its plain, natural, and ordinary meaning. *See PGE*, 317 Or at 611 ("[W]ords of common usage typically should be given their plain, natural, and ordinary meaning."). The relevant ordinary meaning of "give" is "to put into the possession of another" or "to provide or supply one with." *Webster's Third New Int'l Dictionary* 959-60 (unabridged ed 2002). In the context of the crime of failure to perform the duties of a driver when property is damaged, "give" means that a driver is required to affirmatively act to ensure that the other driver, attendant, or passenger receives the identifying information.

Defendant argues that ORS 811.700(1)(a) does not require her to give identifying information to the driver of a damaged vehicle that that driver already possesses or that is readily available at the scene of the accident. Defendant also argues that, in the days following the collision and before her arrest, she was asked by her friend's mother, who owned the damaged vehicle, and the police to provide only her parents' contact and insurance information, which she refused to do because ORS 811.700(1)(a) does not require her to provide that information.[6] Defendant is correct that the

---

[6] As of January 1, 2018, ORS 811.700(1)(a) will require a driver of a motor vehicle involved in a accident that damages another driven or attended vehicle to also provide her insurance information to the other driver, but that requirement applies only to accidents that occur on or after that effective date. Or Laws 2017, ch 75, § 1.

statute does not require her to provide her parents' contact or insurance information to any person. ORS 811.700(1)(a) does not require a driver to provide any information to any person other than the driver, attendant, or passenger of the vehicle with which she collided, nor at any time other than at the scene of the accident. Defendant's argument that she was not required to provide information that was readily available at the scene, however, fails.

We need not decide whether ORS 811.700(1)(a) requires a driver to "give" identifying information to a driver or attendant of a damaged vehicle if that driver already possesses all of the required identifying information. We need not decide that issue because in this case defendant does not argue that her friend already knew or possessed the vehicle registration number of the vehicle defendant was driving at the time of the accident. Rather, defendant contends that the vehicle she was driving was within the sight of the damaged vehicle's driver while they stopped and discussed the accident. That is not enough.

In construing a statute, we must "ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted." ORS 174.010. The wording of ORS 811.700(1)(a) requiring that a driver "[g]ive to the other driver * * * the registration number of the vehicle that the driver is driving" is clear as far as it does not allow for us to construe that requirement to be met by a driver simply stopping her vehicle at the scene of an accident and, at least theoretically, allowing the other driver the time to read the vehicle's license plate. The statute includes an explicit directive that a driver must affirmatively provide to the other driver the registration number of the vehicle she was driving before leaving the scene of an accident.

It is undisputed that defendant failed to affirmatively provide the registration number of the vehicle she was driving to the driver of the damaged car before she left the scene of the collision. The actions and requests of the damaged vehicle's owner and the police after the fact have no bearing on our review here. As soon as defendant left the place where she stopped to assess the damage of the

collision without providing the other driver with the registration number, she failed to perform the duties required by ORS 811.700(1)(a). We conclude that a rational trier of fact could have found that defendant failed to give to the driver of the damaged vehicle the registration number that ORS 811.700(1)(a) required her to provide before defendant left the scene of the accident.

Affirmed.