JAMES, J.
*165 Petitioners appeal a judgment granting their writ of review challenging aspects of the Portland City Council's decision to approve Portland City Ordinance 187150. ORS 34.100. Petitioners assign numerous counts of error to the trial court's ruling; chief among them, petitioners argue that the trial court did not have the authority to remand, for greater specificity, a portion of the city ordinance that was under review. Rather, petitioners argue that the trial court only had the authority, under ORS 34.100, to annul or reverse the ordinance. Respondent contends that this case is moot, because Ordinance 187150 never took effect nor were fees collected pursuant to that ordinance. Before the effective date, the city council held a meeting, modified, and voted to replace Ordinance 187150 with Ordinance 187770-petitioners' writ of review challenge to Ordinance 187770 has been stayed pending this appeal. We conclude that this case is moot and, having so concluded, we dismiss.
Before turning to the specific ordinance at issue in this case, it may be helpful to briefly lay out the general framework involved. ORS 223.309 requires a local government, here the Portland City Council, to prepare a plan for capital improvements (CIP) financed by a system development charge (SDC):
"(1) Prior to the establishment of a system development charge by ordinance or resolution, a local government shall prepare a capital improvement plan, public facilities plan, master plan or comparable plan that includes a list of the capital improvements that the local government intends to fund, in whole or in part, with revenues from an improvement fee and the estimated cost, timing and percentage of costs eligible to be funded with revenues from the improvement fee for each improvement.
"(2) A local government that has prepared a plan and the list described in subsection (1) of this section may modify the plan and list at any time."
*781 The 2015 Parks SDC at issue here is governed by statute. ORS 223.299(4)(a) and (b) defines "System development charge" as
*166 "a reimbursement fee, an improvement fee or a combination thereof assessed or collected at the time of increased usage of a capital improvement or issuance of a development permit, building permit or connection to the capital improvement.
"(b) 'System development charge' does not include any fees assessed or collected as part of a local improvement district or a charge in lieu of a local improvement district assessment, or the cost of complying with requirements or conditions imposed upon a land use decision, expedited land division or limited land use decision."
Particularly, the Parks SDC at issue here is an "improvement fee," which is "a fee for costs associated with capital improvements to be constructed." ORS 223.299(2). ORS 223.304(2) provides:
"Improvement fees must:
"(a) Be established or modified by ordinance or resolution setting forth a methodology that is available for public inspection and demonstrates consideration of:
"(A) The projected cost of the capital improvements identified in the plan and list adopted pursuant to ORS 223.309 that are needed to increase the capacity of the systems to which the fee is related; and
"(B) The need for increased capacity in the system to which the fee is related that will be required to serve the demands placed on the system by future users.
"(b) Be calculated to obtain the cost of capital improvements for the projected need for available system capacity for future users."
An improvement fee SDC may only be spent "on capacity increasing capital improvements." ORS 223.307(2). Thus,
"[a]n increase in system capacity may be established if a capital improvement increases the level of performance or service provided by existing facilities or provides new facilities. The portion of the improvements funded by improvement fees must be related to the need for increased capacity to provide service for future users."
ORS 223.307(2). Additionally, "[a]ny capital improvement being funded wholly or in part with system development *167 charge revenues must be included in the plan and list adopted by a local government pursuant to ORS 223.309." ORS 223.307(4).
Reading the statutes together, a local government must develop a sufficient CIP prior to a SDC ordinance and that CIP must include a list of projects with information regarding the estimated cost, timing, and percentage of costs eligible to receive and use SDC monies collected by the SDC improvement fee.
Turning now to the specific ordinance at issue, Ordinance 187150 was adopted in 2015 by the Portland City Council and was set to go into effect July 1, 2016.[1] Ordinance 187150 revised the methodology and fee rate structure for the city's Parks and Recreation System Development Charge (SDC). Generally, the city's Parks and Recreation SDCs are improvement fees collected to fund, in whole or in part, capital improvement projects needed to increase the capacity of parks and recreation facilities throughout the city as the population increases. The revised methodology and fee rate structure adopted as part of Ordinance 187150, the 2015 Parks and Recreation SDC, resulted in higher improvement fees imposed on most new residential and nonresidential construction in the City of Portland. The City of Portland has imposed a Parks and Recreation SDC since 1998 and typically reviews and updates its Parks and Recreation SDC methodology and/or fee rate structure every five to seven years.[2]
*782 *168 The Parks and Recreation SDC methodology and fee rate structure changes were discussed during public hearings held by the Portland City Council in 2015. As part of the revised Parks and Recreation SDC "Methodology Updated Report," the Portland City Council also considered and adopted the "2015 Parks System Development Charge 20-Year Capital Plan (Summary)." The Capital Plan Summary was a seven-page spreadsheet document with an immense list of projects, costs, SDC eligibility amounts, and designated fiscal year costs, presented in a very general, aggregated assembly. The Portland City Council heard testimony, received public input, and, ultimately, voted to adopt Ordinance 187150, which included the 2015 Parks System Development Charge: Methodology Update Report and the 2015 Parks System Development Charge 20-Year Capital Plan Summary. Ordinance 187150, approving the Parks System Development Charge Methodology Update Report for implementation and amending the applicable sections of the Portland City Code (Code Chapter 17.13), passed on May 27, 2015, with three "yea" votes to two "nay" votes.
Following the adoption of Ordinance 187150, petitioners initiated this, the first of two, writ of review challenge in Multnomah County Circuit Court. Petitioners are various industry interest groups, such as the Portland Metropolitan Association of Realtors, Home Builders Association of Metropolitan Portland, Portland Business Alliance, and many similar others. Petitioners filed a writ of review challenging the City of Portland's adoption of a revised methodology and fee rate structure for the 2015 Parks System Development Charge (SDC).
The trial court allowed and issued the writ. ORS 34.040 ; ORS 34.080. Petitioners argued, under ORS 34.040(1)(c) and (d), that Ordinance 187150 was not supported by substantial evidence in the whole record and that the ordinance improperly construed applicable law and should, *169 thus, be annulled or reversed under ORS 34.100. Respondent argued that substantial evidence in the record supported the Portland City Council's determination that Ordinance 187150, which adopted the 2015 Parks System Development Charge 20-Year Capital Plan, complied with applicable law. The trial court entered a general judgment granting petitioners' writ of review in part, and remanding the 2015 Parks System Development Charge CIP to the city for greater specificity in the categories of costs, timing, and percentage of costs eligible for SDC's for capital improvements needed to increase capacity. Furthermore, the trial court stated that
"nothing in this Judgment is intended to address any consideration by the Portland City Council of any updated or amended CIP other than the CIP originally adopted through Ordinance 187150 on May 27, 2015, and nothing in this Judgment precludes the City of Portland from enacting new ordinances on the same subject matter."
The trial court also noted in footnote one of its judgment, filed May 18, 2016, that the city had notified the trial court and petitioners that the Portland City Council would be considering an updated 2015 CIP. However, as the trial court noted, "[t]hat CIP is not before the court as part of the record for the Writ of Review and the court does not consider whether the modified plan would be sufficient to meet the statutory requirements for an adequate demonstration."
At May 18 and 25, 2016, meetings, the Portland City Council discussed and adopted Ordinance 187770, which amended Ordinance 187150 by revising and replacing the 2015 Parks SDC CIP project list. Although Ordinance *783 187770 amended Ordinance 187150 by replacing the Parks SDC CIP project list, as the Parks Property and Business Development Manager testified before the Portland City Council, Ordinance 187770 did not change the underlying methodology or fee rate structure used by Parks and Recreation to calculate the new SDC improvement fees.
Petitioners filed a separate writ of review challenge to Ordinance 187770, the Parks SDC CIP project list that replaced Ordinance 187150. That legal action is stayed pending the outcome of this appeal. On appeal, petitioners argue that the trial court did not have the authority to *170 remand, for greater specificity, a portion of the CIP included in Ordinance 187150. Rather, petitioners argue, the trial court only had the authority, under ORS 34.100, to annul or reverse the entire ordinance. Respondent contends that this case is moot, because Ordinance 187150 never took effect nor were fees collected pursuant to that ordinance, as it was replaced by Ordinance 187770, which went into effect July 1, 2016. Petitioners reply to respondent's contention that this appeal from the writ of review judgment regarding Ordinance 187150 is moot by stating:
"Adopting [Ordinance 187770] more than a year after adopting [Ordinance 187150] does not fix this error or moot this challenge. * * * [Ordinance 187770's] CIP is not part of the record in this case. It may or may not be adequate. But it does not satisfy the statutory requirement, because it was not adopted prior to adoption of the [Ordinance 187150] SDCs. * * * Our challenge to this backward approach is not moot simply because, a year later, the City enacted [Ordinance 187770]."
Before reaching the merits here, we must first address whether this case must be dismissed on the ground that this action has become moot. "Generally speaking, a case becomes moot when a court's decision will no longer have a practical effect on the rights of the parties." State v. K. J. B. , 362 Or. 777, 785, 416 P.3d 291 (2018) (internal quotation marks omitted). However, there are some cases, although expired and without practical effect, that "may have collateral consequences to the party challenging its lawfulness" and in those cases, the challenge is not moot. Id.
The party moving for dismissal carries the burden to establish that the case is moot. Id. ; see also Brumnett v. PSRB , 315 Or. 402, 407, 848 P.2d 1194 (1993). "The moving party's burden includes the burden of establishing that any collateral consequences either do not exist or are legally insufficient." K. J. B. , 362 Or. at 786, 416 P.3d 291 ; see also Dept. of Human Services v. A. B. , 362 Or. 412, 426, 412 P.3d 1169 (2018). Even so, "[t]hat does not mean that the moving party is required to imagine all possible collateral consequences and then disprove each of them." K. J. B. , 362 Or. at 786, 416 P.3d 291. Instead, the burden requires that "when the moving party takes the position that a case has become moot, the responding party must *171 identify any collateral consequences that he or she contends has the effect of producing the required practical effects of a judicial decision." Id. In response, "the moving party must demonstrate that any of those identified collateral consequences either does not exist or is legally insufficient." Id.
Here, respondent takes the position that this action is moot and should, therefore, be dismissed. In response, petitioners argue that this appeal is not moot because "[a]dopting [Ordinance 187770] more than a year after adopting [Ordinance 187150] does not fix this error." Petitioners maintain and reiterate that when the Portland City Council adopted Ordinance 187150, the original, underlying SDC CIP was not supported by substantial evidence in the whole record and that the ordinance improperly construed applicable law. Respondent rejoins that whether the modified CIP project list adopted by Ordinance 187770 is adequate, or whether a different procedure was required in order to validate and adopt the 2015 Parks SDC, "are questions presented in the writ of review proceeding that [petitioners] have filed in the [Multnomah County Circuit Court] challenging Ordinance 187770 [and] [t]hat proceeding, on [petitioners'] motion, has been stayed pending the outcome of this appeal."
*784 Moreover, although petitioners do not clearly identify any particular, nonhypothetical collateral consequence that has or will result from Ordinance 187150, nor do petitioners proffer any exception under ORS 14.175, respondent attempts to demonstrate anyway that this action is moot, that no collateral consequences exist, and that this action does not qualify as an exception under ORS 14.175.
ORS 14.175 allows for review of otherwise moot actions:
"In any action in which a party alleges that an act, policy or practice of a public body, as defined in ORS 174.109, or of any officer, employee or agent of a public body, as defined in ORS 174.109, is unconstitutional or is otherwise contrary to law, the party may continue to prosecute the action and the court may issue a judgment on the validity of the challenged act, policy or practice even though the specific act, policy or practice giving rise to the action no longer has a practical effect on the party if the court determines that:
*172 "(1) The party had standing to commence the action;
"(2) The act challenged by the party is capable of repetition, or the policy or practice challenged by the party continues in effect; and
"(3) The challenged policy or practice, or similar acts, are likely to evade judicial review in the future."
Respondent argues that ORS 14.175 does not permit consideration of this otherwise moot action. Respondent points out that petitioners have not paid a fee as the result of Ordinance 187150-nor will they because Ordinance 187150 was replaced by Ordinance 187770-and, similarly, that "no act that [petitioners] challenge [here] is 'capable of repetition' nor that is 'likely to evade judicial review in the future,' because [petitioners] have pending a challenge to Ordinance 187770."
We agree. The heart of petitioners' challenge is the Portland City Council's adoption of a revised Parks SDC methodology and fee rate structure, under ORS 34.040(1)(c) and (d), in which they argue that the Portland City Council's procedures were not supported by substantial evidence in the whole record and that the ordinance improperly construed applicable law. That question can be answered in the challenge of Ordinance 187770. This case, which asks that question with respect to an ordinance that is not in effect, has never been in effect, under which fees have never been collected, nor will ever be collected, is not the proper vehicle.
For the purposes of this case, respondent has met its burden establishing this case as moot. Having so concluded, the proper remedy in this case is to dismiss.
Dismissed.

Ordinance 187150 was subsequently superseded by Ordinance 187770. Ordinance 187150 never went into effect and no fees were collected pursuant to that ordinance because Ordinance 187770 was adopted in May 2016, more than a month before the July 1, 2016, effective date.

The revised methodology and fee rate structure set out in Ordinance 187150 included five major changes to the city's prior Parks and Recreation SDC methodology and fee rate structure. First, the revised methodology changed the level of service model. Previously, the Parks and Recreation SDC methodology based calculations upon the number of acres of park land per 1,000 population. The newly revised methodology based calculations upon how much money per resident the city invested in its parks and recreation capital infrastructure. Second, the revised fee rate structure differentiated between new dwelling units based on the size of the dwelling unit. Previously, the fee rate structure was based on how many people were likely to live or work in that kind of building. Third, the method for calculating the nonresidential park use changed and the fee rate increased. Fourth, the revised Parks and Recreation SDC included park facilities previously left out of the calculation of park assets. Fifth, and finally, the revised methodology increased the percentage of cost recovery so that, between the SDC and what Parks and Recreation could anticipate receiving from other sources like grants or local revenues, the city could allocate 100 percent of what it calculated as the cost to provide the proposed capital improvements necessary to serve the projected increased usage.