PER CURIAM
*357 In this Indian Child Welfare Act (ICWA) and dependency case, father appeals the judgment establishing the juvenile court's jurisdiction over his daughter, A.[1] Father raises three assignments of error, arguing that the court erred because it failed to meet ICWA's procedural requirements, including a notice requirement, and that the evidence was insufficient to assume jurisdiction over A under ICWA and Oregon jurisdictional standards. In response, the Department of Human Services (DHS) acknowledges that it failed to provide the notice required by ICWA[2] and concedes that the juvenile court therefore erred in assuming jurisdiction over A. We agree with DHS, accept its concession on that basis,[3] and, *465 accordingly, reverse the jurisdictional judgment.[4]
Reversed.

Mother is not a party to this appeal.

Under ICWA, 25 USC §§ 1901 -1963, involuntary child custody proceedings involving native children must comply with certain requirements. Among those is a notice requirement set out in 25 USC § 1912(a), which provides, in part, that in
"any involuntary proceeding in a State court, where the court knows or has reason to know that an Indian child is involved, the party seeking the foster care placement of, or termination of parental rights to, an Indian child shall notify the parent or Indian custodian and the Indian child's tribe, by registered mail with return receipt requested, of the pending proceedings and of their right of intervention."

Consistent with ORAP 8.45 (providing that, "when a party becomes aware of facts that probably render an appeal moot, that party shall provide notice of the facts to the court and to the other party or parties to the appeal"), DHS filed a notice of probable mootness as to father's appeal, pointing to the fact that, after the jurisdictional judgment, wardship of A was terminated, ending the juvenile court's jurisdiction. In the notice, DHS also asserted that, "because wardship was terminated, a decision by this court will not have a practical effect on father's rights." See Brumnett v. PSRB , 315 Or. 402, 406, 848 P.2d 1194 (1993) (holding that a case is moot when the court's decision will not have a "practical effect" on a party's rights). Father responded, citing Dept. of Human Services v. A. B. , 362 Or. 412, 412 P.3d 1169 (2018), and State v. K. J. B. , 362 Or. 777, 785, 416 P.3d 291 (2018), by identifying facts (a description of which would not benefit the bar, bench, or the parties) that he asserts constitute a practical effect or collateral consequence rendering the appeal justiciable. Given those facts, we are not persuaded that father's appeal is moot. However, we reach that conclusion without the benefit of a reply from DHS asserting that those facts are legally insufficient or factually incorrect or, alternatively, conceding that the appeal is justiciable. Cf. A. B. , 362 Or. at 426-27, 412 P.3d 1169 (explaining that the party moving to dismiss an appeal as moot has the burden to establish that a case is moot and that, because DHS "need not imagine all potential collateral consequences that could result and prove their nonexistence," DHS must meet that burden of persuasion once parents have identified practical effects or collateral consequences that render a controversy justiciable).

We need not resolve father's remaining arguments and assignments of error.