Submitted August 29, 2018, petition for judicial review dismissed as moot
February 10, 2021

BARRY JAMES DUVIGNEAUD,
*Petitioner,*

*v.*

BOARD OF PAROLE AND
POST-PRISON SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A163633

482 P3d 777

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Shawn Wiley, Deputy Public Defender, Office of Public Defense Services, filed the opening brief for petitioner. Barry J. Duvigneaud filed the supplemental brief *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Denise G. Fjordbeck, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Kistler, Senior Judge.

PER CURIAM

Petition for judicial review dismissed as moot.

**PER CURIAM**

In 1988, petitioner was convicted of aggravated murder and sentenced to life imprisonment with a 30-year minimum sentence without the possibility of parole. On judicial review, petitioner argues that a 2016 order issued by the Board of Parole and Post-Prison Supervision (the board) incorrectly concluded that he is not likely to be rehabilitated within a reasonable period of time. We dismiss the petition for judicial review as moot.

After petitioner had served 20 years of his sentence, he asked the board to find that he is "likely to be rehabilitated within a reasonable period of time." *See* ORS 163.105(2) (1985). That finding, if made, would have two effects. It would allow the board to override petitioner's 30-year minimum sentence, and it would convert his life sentence without the possibility of parole into a life sentence with the possibility of parole. *Janowski/Fleming v. Board of Parole*, 349 Or 432, 441, 446, 245 P3d 1270 (2010). Petitioner asked the board to make that finding five times. The board declined to make it in 2009, 2012, 2014, and 2016 but made it in 2018.

This petition for judicial review challenges the board's 2016 order. Petitioner argues that the board's 2016 order finding that he is not likely to be rehabilitated in a reasonable period of time is not based on substantial evidence and lacks substantial reason. However, on July 18, 2018, the board issued an order after a separate hearing, finding that petitioner is likely to be rehabilitated in a reasonable period of time. It accordingly scheduled a prison term hearing for December 2018 and an exit interview for May 2019. As part of the exit interview, a psychologist diagnosed petitioner as having a personality disorder. Based on that diagnosis and petitioner's exit interview, the board issued a separate 2019 order deferring his release date after finding that he suffers from a present severe emotional disorder.[1]

The only issue in this case is whether the board's 2016 order incorrectly found that he is not likely to be rehabilitated in a reasonable time. However, even if the board

_____

[1] We take judicial notice of the board's 2018 and 2019 orders.

erred in 2016, it determined in 2018 that petitioner is likely to be rehabilitated in a reasonable time. The board's 2018 order gave petitioner all that he argues its 2016 order should have given him. And, even if we were to direct the board to reverse its 2016 order, our decision would simply require the board to move petitioner to the next steps in the process (the prison term hearing and exit interview) that the board has already conducted based on its 2018 order finding petitioner likely to be rehabilitated in a reasonable time. Resolution of the issues that petitioner raises in this petition for judicial review will have no practical effect on his rights, rendering the petition moot. *See Brumnett v. PSRB*, 315 Or 402, 406, 848 P2d 1194 (1993).

We express no opinion on petitioner's pending challenge to the board's 2019 order that he has a present severe emotional disorder. We hold only that his challenge to the board's 2016 order that he is not likely to be rehabilitated in a reasonable time is moot.

Petition for judicial review dismissed as moot.