***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Argued and submitted March 4; motion to dismiss appeal denied, judgment
reversed and remanded June 29, 2022

COLUMBIA CROSSINGS, LLC,
a Washington limited liability company,
*Plaintiff-Respondent,*

*v.*

Jack MATHIS,
an individual;
Patricia Mathis, an individual;
and all other occupants,
*Defendants-Appellants.*

Multnomah County Circuit Court
19LT05854; A171962

Kenneth R. Walker, Senior Judge.

Harry D. Ainsworth argued the cause and filed the brief for appellants.

Kevin V. Harker argued the cause for respondent. Also on the brief was Harker Lepore LLC.

Before James, Presiding Judge, and Aoyagi, Judge, and Joyce, Judge.

JOYCE, J.

Motion to dismiss appeal denied; judgment reversed and remanded.

**JOYCE, J.**

Defendants, Jack Mathis and Patricia Mathis (the renters), and Benjamin Gonzales (the subletter), appeal from a judgment in favor of plaintiff—the landlord—in a forcible entry and detainer (FED) action to recover possession of real property. Among other things, defendants argue that the trial court erred in concluding that plaintiff had properly served the FED complaint and summons. While the appeal was pending, the renters settled their disputes with plaintiff. Plaintiff subsequently moved to dismiss the FED case as moot. The subletter, who was not a party to the settlement, objects to the motion to dismiss, arguing that this appeal is not moot because of the collateral consequences of the FED judgment. As explained below, we agree with the subletter that the appeal is not moot. We further conclude that the trial court erred when it found that plaintiff had properly served the complaint and summons. Accordingly, we reverse.

## FACTS

The underlying historical facts of this FED action are essentially the same as those of a related case filed by plaintiff, *Columbia Crossings, LLC v. Jack Mathis, Patricia Mathis, Benjamin Gonzalez, and All Other Occupants* (*Columbia Crossing II*), Case No. 19CV47539.[1] The undisputed procedural facts of both cases are relevant to resolve the question of mootness in this appeal. Thus, we briefly summarize the facts of both cases.

In 2006, the renters entered into a rental agreement with plaintiff for a floating home in the Jantzen Bay Floating Home Community. In September 2018, the subletter moved into the property without plaintiff's permission. Around two months later, plaintiff issued a for-cause termination notice to all defendants,[2] directing them to vacate the

---

[1] As we explain in greater detail below, the related case is also on appeal, A174297.

[2] The termination notice was addressed to the renters and "all others." Later, in the complaint, plaintiff identified defendants in this action as Jack Mathis, Patricia Mathis, and "all other occupants." Although the subletter was not a named party in the case caption, he appeared at trial and declared that he was a party via the designation of "all other occupants." The trial court concluded that the subletter was a party to this case, and plaintiff did not challenge that conclusion.

premises in 90 days. At least one of the defendants remained in possession of the premises beyond the deadline.

In April 2019, plaintiff initiated this case by filing an FED action against defendants. Plaintiff alleged that the renters breached the rental agreement by subletting the floating home without plaintiff's consent and by storing an oversized boat in the moorage space, which caused "problems for ingress and egress by other residents in the community."

On May 9, 2019, and again during trial on May 17, 2019, defendants moved to dismiss the FED action because plaintiff had not served them in accordance with ORS 105.135. The trial court denied both of those motions after finding that plaintiff had sufficiently complied with ORS 105.135. The trial court ultimately found that the renters had violated the rental agreement by subletting the floating home without plaintiff's permission and by storing an oversized boat in the moorage space, which presented a safety hazard for other residents in the floating community. The trial court then awarded a judgment of restitution in favor of plaintiff.

On August 22, 2019, defendants appealed the judgment of restitution, and that appeal is the one before us now. During the pendency of this appeal, the subletter posted a *supersedeas* bond and continued mooring the oversized boat in the slip.

On October 31, 2019, plaintiff filed a separate civil suit against all three defendants, *Columbia Crossing II*, seeking injunctive relief in the form of "an order from [the trial court] ruling that [d]efendant's structures * * * violat[e] the [rental agreement], and as such must be removed[,]" as well as economic damages and attorney fees. Defendants responded that the boat and other structures did not violate the rental agreement.

Plaintiff moved for summary judgment, arguing that issue preclusion prevented defendants from relitigating the issue of whether the oversized boat violated the rental agreement. The trial court in that case agreed, finding that "the defenses raised by [d]efendants are precluded by issue

preclusion[,]" because the trial court in the FED case had found that the boat "was oversized for the moorage space" and interfered with the ingress and egress of other residents in the community, a violation of the rental agreement. The trial court awarded plaintiff attorney fees and costs in the amount of $15,840.73. Defendants appealed that judgment as well; that appeal remains pending.

While both appeals were pending, the renters and plaintiff settled their disputes and agreed to dismiss all claims against each other. The subletter was not a part of that settlement agreement.[3]

Plaintiff subsequently moved to dismiss defendants' appeal as moot because of the settlement. The subletter responds that the case is not moot because a resolution of the merits of this appeal will affect the judgment entered against him in *Columbia Crossing II*. At this point, all defendants have vacated the premises and delivered possession to plaintiff.

## MOOTNESS

As a threshold matter, we must determine whether the settlement between the renters and plaintiff renders this appeal moot. "Determining mootness is one part of the broader question of whether a justiciable controversy exists." *Brumnett v. PSRB*, 315 Or 402, 405, 848 P2d 1194 (1993). A case is moot when "it becomes clear in the course of a judicial proceeding that resolving the merits of a claim will have no practical effect on the rights of the parties." *Corey v. DLCD*, 344 Or 457, 464, 184 P3d 1109 (2008). A case no longer has a practical effect on the rights of the parties when "an event occurs that render[s] it impossible for the court to grant effectual relief." *Hamel v. Johnson*, 330 Or 180, 184, 998 P2d 661 (2000) (internal quotation marks and citation omitted).

"Even if the main issue in a controversy has been resolved, collateral consequences may prevent the controversy

---

[3] Plaintiff also filed a full satisfaction of money award in *Columbia Crossing II* and moved to dismiss the appeal of that case as moot. The subletter opposed that motion. That appeal is currently held in abeyance pending the outcome of this case.

from being moot under some circumstances." *Barnes v. Thompson*, 159 Or App 383, 386, 977 P2d 431, *rev den*, 329 Or 447 (1999). "A collateral consequence for purposes of mootness is a probable adverse consequence to [a party] as a result of the challenged action." *State v. Hauskins*, 251 Or App 34, 36, 281 P3d 669 (2012).

Here, the subletter argues that collateral consequences prevent this appeal from being moot. We agree. As noted, the trial court in *Columbia Crossing II* entered summary judgment against defendants because it found that the trial court in *this* FED case had concluded that the renters had violated the rental agreement and that conclusion precluded defendants from relitigating that issue. Thus, were we to reverse the trial court's judgment in this case, the preclusive effect that the trial court in *Columbia Crossing II* relied upon would no longer exist. Framed slightly differently, our decision in this appeal will have a practical effect on the subletter's rights *vis-à-vis* the litigation in *Columbia Crossing II*. *Brumnett*, 315 Or at 406.

To be sure, plaintiff filed a full satisfaction of the money award in *Columbia Crossing II* case after it reached a settlement with the renters. Theoretically, if that satisfaction rendered the appeal in *Columbia Crossing II* moot, then the collateral consequence we just identified would no longer exist and this appeal would be moot. But for two reasons, that satisfaction does not render this appeal moot.

First, a satisfaction of judgment will not preclude an appeal unless the appealing party pays or authorizes the payment of the judgment and that payment "was voluntary, not coerced, and made with a view of settlement." *Minter-Wilson Drilling Co. v. Richins*, 60 Or App 702, 708, 655 P2d 1060 (1982), *rev den*, 294 Or 613 (1983). Here, the subletter was not part of the settlement agreement, and there is no evidence that the subletter paid or authorized the payment or that the renters' settlement extinguished the subletter's right to pursue his appeal.

Second, the subletter has identified a collateral consequence that persists regardless of the satisfaction of the

judgment. In opposing the motion to dismiss the appeal in *Columbia Crossing II*, the subletter submitted a declaration from a business lending officer at a local credit union. The lending officer explained that a judgment—even a satisfied judgment—will negatively affect a person's credit score for up to seven years. Although the declaration stops short of stating that the satisfied judgment in this case would in fact impact the subletter's credit score, we nonetheless conclude that the subletter has identified a collateral consequence that has a "significant probability of actually occurring[.]" *Johnson v. Premo*, 302 Or App 578, 592, 461 P3d 985, *rev den*, 366 Or 569 (2020) (internal quotation marks omitted). That is because credit scores are reflected on credit reports, which are a necessary precursor to being able to obtain house and car loans, credit cards, housing, and in some cases, employment. Given the ubiquitous use of credit reports, we are unwilling to conclude that the satisfaction of judgment rendered this appeal moot. *See Cane v. EZ Rentals*, 450 Md 597, 612, 149 A3d 649, 657 (2016) (acknowledging the collateral consequences of a judgement's negative impact on an individual's credit score: "A civil judgment may be included on an individual's credit report, with a concomitant negative effect on the individual's credit score. A low credit score in turn carries a plethora of negative consequences.").

We thus conclude that the appeal is not moot and turn to consider the merits of the subletter's appeal.

## SERVICE OF PROCESS

On appeal, the subletter assigns error to the trial court's failure to dismiss the FED action due to lack of proper service. The subletter renews his contention that plaintiff failed to serve the complaint and summons in this action as required by ORS 105.135. "Whether service was sufficient presents a question of law." *Option One Mortgage Corp. v. Wall*, 159 Or App 354, 358, 977 P2d 408 (1999) (citation omitted). "We accept the trial court's findings of fact if they are supported by evidence in the record." *Id.* (internal quotation marks and citation omitted). Because we conclude that plaintiff failed to comply with ORS 105.135, we reverse.

ORS 105.135[4] requires "service [to] occur at least seven judicial days *before* the first appearance date (eight judicial days from the filing of the complaint), to give the defendant an adequate opportunity to prepare." *Balboa Apartments v. Patrick*, 351 Or 205, 213, 263 P3d 1011 (2011) (emphasis added).

Here, the trial court found that (1) plaintiff paid the filing fees on April 23, 2019; (2) the summons and complaint were served on April 25, 2019;[5] and (3) the first appearance date was May 1, 2019. Accordingly, service occurred only six days in advance of the first appearance date, less than the seven-day notice requirement under ORS 105.135. We therefore conclude that the trial court erred in denying defendants' motion to dismiss based on sufficient service of summons and complaint.[6]

Motion to dismiss appeal denied; judgment reversed and remanded.

---

[4] ORS 105.135 provides, in relevant part:

"(2) The clerk shall enter the first appearance date on the summons. That date shall be seven days after the judicial day next following payment of filing fees ***.

"(3) Notwithstanding ORCP 10, by the end of the judicial day next following the payment of filing fees:

"(a) The clerk shall mail the summons and complaint by first class mail to the defendant at the premises.

"(b) The process server shall serve the defendant with the summons and complaint at the premises by personal delivery to the defendant or, if the defendant is not available for service, by attaching the summons and complaint in a secure manner to the main entrance to that portion of the premises of which the defendant has possession."

[5] The subletter argues that the trial court erred in finding that service occurred prior to April 26, 2019. However, evidence in the record supports the trial court's finding. In addition to the process server's testimony at trial, plaintiff provided a declaration of service stating that the summons and complaint were served by posted service on April 25, 2019.

[6] The trial court reasoned that it "cannot believe that 12 hours or 15 hours or eight hours, that the Oregon Supreme Court would require a judge to throw out a case and have a plaintiff start all over." To the contrary, the Supreme Court "has consistently held" that where a statute outlines requirements for service of process, "*strict* compliance with that statute is required" for a court to obtain personal jurisdiction over a party. *South State Inv. Co. v. Brigum*, 289 Or 109, 113, 611 P2d 305 (1980) (emphasis added).